■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DASCH, Appellant.—Judgment unanimously affirmed. Memorandum: Defendants were charged as principals and convicted of burglary in the second degree (Penal Law, §§ 20.00, 140.25, subd 1, par [a]) stemming from an incident at Grentzinger's Farm Market located at the intersection of Sweden-Walker Road and Route 31 in Monroe County. At the time of the incident defendants were on-duty Monroe County Deputy Sheriffs. Defendants Weiland and Hylas were confronted inside the market at about 3:30 A.M. on February 14, 1978 and were then accused by the intended victim of an unlawful entry. No witness placed defendant Dasch at the scene of the crime or identified him as a participant in the unlawful entry. Dasch contends that the evidence in the record is insufficient to support the jury's verdict that he aided Weiland and Hylas in the burglary with the requisite intent. A conviction based upon circumstantial evidence will be upheld where it is consistent with and flows naturally from the proven facts and when those facts, viewed together, exclude to a moral certainty every reasonable hypothesis of innocence *(People v Benzinger,* 36 NY2d 29; *People v Cleague,* 22 NY2d 363, 365-366). The evidence must be considered in its totality and in the light most favorable to the People, as they have prevailed at trial *(People v Kennedy,* 47 NY2d 196, 202-203). The record establishes that Dasch was with Weiland and Hylas shortly before the crime. There was testimony from which the jury could reasonably have concluded that Dasch was present during the crime, that Weiland and Hylas gave a false account of the incident and that, therefore, Dasch's account was clearly false. Contrary to Dasch's contentions the jury could consider tangible evidence and proof of false statements which may infer a consciousness of guilt but which standing alone are insufficient to sustain a conviction. The totality of the evidence permits no reasonable hypothesis except that of Dasch's guilt *(People v Benzinger,* 36 NY2d 29, *supra; People v Wachowicz,* 22 NY2d 369; *People v Turner,* 73 AD2d 56; *People v La Bruna,* 66 AD2d 300; cf. *People v Cleague,* 22 NY2d 363, *supra).* Further, Dasch's contention that the trial court's failure to charge the jury that one who engages in accessorial conduct after the fact is not liable as a principal constitutes reversible error is without merit. Dasch was indicted and charged under section 20.00 of the Penal Law and

the principal issue was whether he, with the mental culpability required for the commission of burglary, intentionally aided or assisted Weiland and Hylas to that end. The trial court extensively reviewed the requirements for a finding of accessorial liability, noted that it was not enough that Dasch may have been at the scene of the crime and that liability could be predicated upon a finding that he actively aided or requested persons to engage in criminal conduct. His guilt was necessarily based upon some activity performed before or during the perpetration of the burglary. If his role was limited to that of an accessory after the fact he could not also be found to have aided another engaging in criminal conduct, and a verdict of acquittal would have been returned. Defendants' claim that the trial court failed to marshal the evidence in its charge to the jury does not warrant a reversal. No prior request was made by any of the defendants for the court to marshal the evidence nor was an exception on that ground taken. The issue was not adequately preserved for review (CPL 470.05, subd 2; *People v Robinson,* 36 NY2d 224, 228; *People v Harris,* 69 AD2d 843). In any event, reversal should not follow from a failure to adequately marshal the evidence when the case did not involve complex issues and the factual and legal issues were clear to the jury. The critical issue is whether a deficiency in the court's charge, if any, is such as to deny the defendant a fair trial *(People v Culhane,* 45 NY2d 757, cert den 439 US 1047). Next the defendants urge that a pry bar found frozen in a snowbank on March 17, 1978 along the west side of the Sweden-Walker Road, the route Weiland took the morning of the burglary, was improperly admitted into evidence. We disagree. At the trial this pry bar was described as resembling the one used by Weiland to pry open the window molding for access to the burglarized premises. On the facts of this case the jury could infer that the pry bar was the one used by Weiland *(People v Mirenda,* 23 NY2d 439) and that he disposed of it at the first available opportunity. Issues of credibility and the weight to be afforded the evidence are for the jury *(People v Gruttola,* 43 NY2d 116, 122). Other issues raised by these defendants have been examined and found to be without merit. (Appeal from judgment of Monroe County Court—burglary, second degree.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.