## (September 15, 1983)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT LE ROY BRIGGS, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 11, 1981, upon a verdict convicting defendant of the crime of burglary in the third degree. Defendant was indicted for burglary in the third degree and after a trial, was convicted as charged. He was sentenced to a term of incarceration of one year. On this appeal, he contends that there was insufficient evidence to establish all the elements of the crime charged. We disagree and affirm. The record reveals that during the early hours of January 29, 1981, the proprietors of Joe's Grocery, who reside next to the store, noticed someone tampering with the front door of the store. They observed a boy on the front porch of the store and saw him leave and reappear. The police were called. The proprietors then saw the boy disappear again, heard an engine start and saw a car travel on Sagetown Road and another car stop momentarily at the intersection of Sagetown Road and Route 328. Both vehicles then took off, followed by a third car with flashing red lights. After a high speed chase defendant was apprehended. He was taken into custody and was heard by the police officer to say to another companion, "Roger, don't say anything" and "all they have us for is * * * attempted robbery * * * an awful lot of trouble over one lousy case of beer". The record also revealed that there were footprints in fresh snow leading to a rear workshed where a previously secured door was open and an axe missing. Since there was a conviction, we must consider the evidence in the light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203; *People v Dasch,* 79 AD2d 877). Considering the record in its entirety and, particularly, the statements made by defendant to his companion at the time of apprehension and the evidence of the high speed chase, there was ample proof to justify the jury's verdict. We should not disturb it. Judgment affirmed. Sweeney, J. P., Kane, Main, Casey and Mikoll, JJ., concur.