■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GUY COE, Respondent. — Appeal by the People from an order of the County Court, Rockland County (Edelstein, J.), entered November 22, 1983, which, *inter alia,* granted defendant's motion to dismiss the indictment pursuant to CPL 290.10. Order reversed, on the law, motion denied, verdict of the jury finding defendant guilty of attempted burglary in the second degree and criminal mischief in the fourth degree reinstated, and matter remitted to the County Court, Rockland County, for the imposition of sentence. Following a jury trial, defendant was convicted of attempted burglary in the second degree and criminal mischief in the fourth degree. The trial court, believing the evidence against defendant to be legally insufficient to establish his guilt of those crimes, granted a trial order of dismissal pursuant to CPL 290.10. For the reasons set forth herein, we reverse and reinstate the jury's verdict. Robert Arturi testified that on May 22, 1982, he lived in a "bi-level", single-family house on Gatto Lane in Pearl River, New York. The house had a deck attached to the rear. At approximately 9:10 A.M., Arturi was sleeping when he heard a knock on his door. He looked out the window at the front of his house, and upon his failure to observe a car in his driveway, he went back to sleep. Approximately one minute later he heard a knock on his back door. He did not answer the knock because he wanted to sleep. He then heard a rapping sound, as if something was being snapped, and he also heard something falling. At this point he arose, opened the back door, and observed defendant and a companion standing on the deck. When asked if they needed help, they looked surprised and then asked if Arturi knew where Blue Hill Road was located. At this time Arturi noticed that defendant was wearing gloves and his cohort had a screwdriver protruding from a rear pocket. Arturi told them he could not help them, and he entered his house while the two men walked briskly away. Arturi then went back out on his deck, and observed that the screen on the window next to the rear door had been lifted and pushed in. Earlier that morning, prior to his going to sleep, he had observed that the screen was down. The previous day he had also observed that the screen was in perfect condition. Arturi called the police, who responded within approximately one and one-half minutes. Officer Philip Tuzzolino testified that the defendant was arrested a short distance from Arturi's house and that at that time he had gloves in his pocket and a crow bar inside his pants leg. His cohort was in possession of a screwdriver. After deliberating 10 minutes, the jury found defendant guilty of attempted burglary in the second degree and criminal mischief in the fourth degree. The trial court then granted defendant's motion for a trial order of dismissal upon the ground that the trial evidence was not legally sufficient to establish the offenses charged or any lesser included offenses. Viewing the facts in the light most favorable to the prosecution (*People v Montanez,* 41 NY2d 53, 57), the jury was completely justified in determining that the circumstantial evidence established defendant's guilt of the crimes for which he was convicted (see *People v Mitteager,* 44

NY2d 927). The facts of the damage to and the lifting of the screen, which had been intact and down shortly prior to this incident, the defendant's wearing of gloves in May, the possession of the screwdriver and crow bar, the surprised look of the deck occupants, the snapping sound at the window, and the pattern of knocking at the door all serve to thoroughly support the conclusion drawn by the jury (see *People v Pena,* 50 NY2d 400, 409, cert den 449 US 1087; *People v Castillo,* 47 NY2d 270, 277; *People v Bracey,* 41 NY2d 296, 302). We conclude by noting "that the reinstatement of the jury verdict is not violative of defendant's double jeopardy rights (*People v Leach,* 57 AD2d 332, affd 46 NY2d 821). Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.