■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. SIMMONS, Appellant. — Appeal from a judgment of the County Court of Ulster County (Traficanti, J.), rendered June 10, 1982, upon a verdict convicting defendant of the crimes of attempted criminal trespass in the third degree and criminal mischief in the fourth degree. At the close of business on January 28, 1982, William Weishaupt, owner of Weishaupt's Market, closed the store and secured the locks. Around midnight, Bruce Taylor, a New York State trooper who resided in an apartment above the store, was awakened by a banging noise and the sound of loose glass panes rattling in a door. Looking out his bathroom window, Taylor observed defendant standing under a light located over the rear door. When Trooper Taylor saw defendant attack the door a second time, again producing the same noises, he hurriedly dressed and ran down the stairs to the front of the building. When he emerged onto the street, he saw defendant coming around the corner of the building. Defendant, upon seeing Taylor, fled. A chase ensued terminating in defendant's capture. As Taylor was returning defendant along the flight path, he found a knife with a four and one-half inch blade which he delivered to the Kingston Police Department. Examination of the rear door revealed that the screen door had been ripped apart and the molding near the door jam torn away. Carving marks were also evident. Following indictment and trial, defendant was convicted of attempted criminal trespass in the third degree and criminal mischief in the fourth degree. He was sentenced to three months' imprisonment on the trespass count and one year on the criminal mischief count, the sentences to run concurrently. On this appeal, defendant alleges as error (1) that the circumstantial evidence was insufficient to support the conviction, (2) that the knife was improperly admitted into evidence, and (3) that the sentences were excessive. While we do not dispute defendant's contention that where, as here, the prosecution relies solely on circumstantial evidence to establish the guilt of the accused, such evidence must exclude to a moral certainty every other hypothesis except that of accused's guilt (*People v*

*Montanez,* 41 NY2d 53, 57; *People v Eckert,* 2 NY2d 126, 129), we disagree with defendant's argument that application of that principle to the facts herein undermines the judgment of conviction. Whether each piece of evidence points exclusively to defendant's guilt is irrelevant. When the totality of the evidence would lead a reasonable man to reject any hypothesis but that of guilty, the moral certainty standard is met (see *People v Benzinger,* 36 NY2d 29). Here, the rear door of the market was secured at 9:00 P.M. on January 28, 1982. Trooper Taylor, after being awakened by a noise at the building's back door, observed defendant standing in front of the door and saw him approach the door a second time in a manner that produced the same noises that awakened him. Next, defendant fled when approached by Taylor and examination of the door showed that it had been worked over by a sharp instrument. Such evidence is direct, substantial and unequivocal (see *People v Regina,* 19 NY2d 65). We also reject defendant's contention that the knife was improperly admitted into evidence. The proof showed that the rear door was damaged by a sharp instrument, defendant was seen at the door and the knife was recovered along defendant's escape route. The recovery of the knife, proximate in both time and distance to defendant, created a connection between the two from which the jury could infer that the knife was the sharp instrument that damaged the door (see *People v Mirenda,* 23 NY2d 439; *People v Dasch,* 79 AD2d 877, 878). Finally, we find defendant's contention that the sentences were unduly harsh and excessive to be without merit. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.