■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES C. MARINI, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered January 26, 1984, upon a verdict convicting defendant of the crime of attempted burglary in the third degree.

Defendant was convicted after trial of attempted burglary in the third degree as charged, and sentenced as a second felony offender to a term of incarceration of 2 to 4 years. On appeal, he primarily argues that there was insufficient evi-

dence to sustain the conviction. We disagree. The evidence adduced by the prosecution's witnesses showed that defendant regularly patronized a neighborhood bar in the Village of Johnson City known as "Off the Wagon". He remained in the bar on September 25, 1983 until closing and, at approximately 2:00 A.M., he was driven home by the bartender. Shortly thereafter, two uniformed Pinkerton guards observed an individual sitting along the edge of a delivery chute leading to a cellar entrance of the bar. He was wearing an orange jacket and had a light-colored material on his hands. The guards observed the individual climb out of the chute, close the door, walk towards the corner, glance back at them and then begin to run. In their pursuit, they heard noises in the bushes in front of a nearby house and summoned a passing patrol car. The police discovered defendant crouched behind the bushes and found a screwdriver and a pair of white socks in the grass where he had been hiding. Investigation of the bar revealed "fresh pry marks" on a side door adjacent to the delivery chute, which the officer opined were consistent with the size and shape of the screwdriver. In addition, the top of the delivery chute door had been pushed in.

We recognize that the People relied solely on circumstantial evidence and thus were required to exclude to a moral certainty every other hypothesis except that of the accused's guilt (see, People v Simmons, 99 AD2d 880). Viewing the evidence in a light most favorable to the prosecution (People v Lewis, 64 NY2d 1111, 1112; People v Shannon, 105 AD2d 986), the totality of the factors outlined were adequate to satisfy this standard and provide ample support for the jury's verdict (see, People v Coe, 99 AD2d 516; People v Briggs, 96 AD2d 1110; People v Dudwoire, 95 AD2d 878). The case of People v Dailey (50 AD2d 1056), relied upon by defendant, is readily distinguishable since there was no factual evidence in that case placing the accused near the crime scene or showing that an attempted burglary was committed. Here, a perpetrator was observed climbing out of the delivery chute and fleeing the scene, fresh pry marks were found on a side door of the bar and defendant was discovered hiding in close proximity, in time and place, with a screwdriver at his side. These factors definitively support the verdict (see, People v Lewis, supra).

Finally, defendant asserts that a photograph depicting pry marks on the side door of the bar was improperly received into evidence. Since the photograph was taken subsequent to the door's repainting, defendant maintains that it obscured the issue as to when the pry marks were made and failed to

constitute an accurate representation of the crime scene. However, both the bar manager and the investigating officer confirmed that, with the exception of the repainting, the photograph accurately depicted the physical condition of the door, including the pry marks, at the time of the events in question (see, Richardson, Evidence § 137 [Prince 10th ed]). The manager further established that these marks were not present a few hours before the incident. Given this testimony and the strength of the People's case, the error, if any, in the receipt of this photograph in evidence was essentially harmless (see, People v Crimmins, 36 NY2d 230; People v Cesare, 68 AD2d 938).

Judgment affirmed. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.