THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR COLON, Also Known as VICTOR VACQUEZ, Appellant. [632 NYS2d 1001] —Judgment unanimously affirmed. Memorandum: The trial court erred in permitting the victim to testify that his home had been burglarized on two prior occasions. The error was harmless, however, because of the overwhelming evidence of defendant's guilt (see, People v Crimmins, 36 NY2d 230, 242). Defendant's remaining contention has not been preserved for our review (see, CPL 470.05 [2]; People v DeRosa, 137 AD2d 612, lv denied 71 NY2d 968), and we decline to address it as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). (Appeal from Judgment of Erie County Court, D'Amico, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.

In the Matter of WENDY J., a Person Alleged to be a Juvenile Delinquent, Appellant. ORLEANS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [632 NYS2d 42] —Order unanimously affirmed without costs. Memorandum: The record supports Family Court's finding that respondent committed an act that, if committed by an adult, would constitute the crime of criminal mischief in the fourth degree (Penal Law § 145.00). Evidence that respondent actively assisted in breaking into a house, resulting in damage to that house, is sufficient to establish that respondent intentionally damaged the property of another person (see, People v Gaines, 136 AD2d 731, 734, lv denied 71 NY2d 896; People v Simmons, 99 AD2d 880, 881).

The contention of respondent that the Law Guardian provided ineffective assistance at the dispositional hearing has been rendered moot by the expiration of her placement.

We have examined respondent's remaining contention and conclude that it lacks merit. (Appeal from Order of Orleans County Family Court, Punch, J.—Juvenile Delinquency.) Present—Green, J. P., Pine, Wesley, Balio and Boehm, JJ.