*460 Appeal by the People from an order of the County Court, Orange County (DeRosa, J.), dated August 6, 2002, which granted that branch of the omnibus motion of the defendant Lynne DiCostanzo which was to dismiss the indictment against her.
Ordered that the order is affirmed.
The defendant Lynne DiCostanzo, a physician, was employed by the defendant, Hudson Valley Obstetrics & Gynecology, EC. (hereinafter Hudson Valley). DiCostanzo was hired by the defendant, Paul S. Mayer, who was Hudson Valley’s chief executive officer. Mayer was a physician who specialized in the practice of obstetrics and gynecology before his license was revoked in November 2000 (see People v Mayer, 1 AD3d 461 [2003] [decided herewith]). Thereafter, Mayer was indicted for, inter alia, his alleged continued practice of medicine in violation of Education Law § 6521, and DiCostanzo was indicted on one count of aiding and abetting Mayer in such practice. The County Court granted that branch of DiCostanzo’s omnibus motion which was to dismiss the indictment against her. We affirm.
“[On a motion to dismiss an indictment], the sufficiency of the People’s presentation is properly determined by inquiring whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury” (People v Jennings, 69 NY2d 103, 114 [1986]; see People v Jensen, 86 NY2d 248, 251 [1995]). Here the evidence submitted to the grand jury was insufficient to support the indictment.
The charges against DiCostanzo resulted from an incident which occurred on April 12, 2001, when she allegedly permitted Mayer to assist her in the performance of a gynecological procedure at Hudson Valley. However, while Mayer was present at Hudson Valley’s offices on April 12, 2001, his alleged actual participation in the procedure at issue took place during a period when DiCostanzo was not present in the room. Moreover, there is no proof that DiCostanzo was aware of Mayer’s participation, if any, in the procedure. Accordingly, the proof was insufficient to conclude that DiCostanzo “solicited], requested], command[ed], importun[ed] or intentionally *461 aid[ed]” Mayer in the illegal practice of medicine (Penal Law § 20.00; cf. People v Varas, 110 AD2d 646 [1985]). Therefore, DiCostanzo was entitled to dismissal of the indictment against her. Santucci, J.E, Krausman, Townes and Cozier, JJ., concur.