THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH FORINO, Respondent. [828 NYS2d 81]—

Appeal by the People from an order of the County Court, Nassau County (Berkowitz, J.), entered February 14, 2006, which

granted the defendant's motion to dismiss the indictment against him to the extent of reducing the charge of attempted burglary in the second degree to the charge of attempted criminal trespass in the second degree.

Ordered that the order is reversed, on the law, the motion to dismiss is denied, the count of the indictment charging the defendant with the crime of attempted burglary in the second degree is reinstated, and the matter is remitted to the County Court, Nassau County, for further proceedings consistent herewith.

Under the facts of this case, the County Court erroneously determined that the evidence before the grand jury was legally insufficient to establish the charge of attempted burglary in the second degree (*see* Penal Law §§ 110.00, 140.25 [2]). In evaluating whether the evidence before a grand jury is legally sufficient, "a reviewing court must consider 'whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Bello,* 92 NY2d 523, 525 [1998], quoting *People v Jennings,* 69 NY2d 103, 114 [1986]; *see People v Jensen,* 86 NY2d 248, 251 [1995]; *People v Galatro,* 84 NY2d 160, 163 [1994]; *People v Mayer,* 1 AD3d 459, 460 [2003]). "Legally sufficient evidence is defined in CPL 70.10 (1) as 'competent evidence which, if accepted as true, would establish every element of an offense charged' " (*People v Bello, supra* at 525-526, quoting CPL 70.10 [1]).

Here, the evidence presented to the grand jury established that, on September 1, 2005 the defendant was observed "casing" different houses in a residential area of Nassau County. Eventually, he walked toward the side gate of a residence, and proceeded to put on a pair of gloves. He then approached locked sliding doors on the side of the residence. The defendant opened the exterior screen door and then tugged twice on the interior sliding glass door.

When questioned by a police officer who responded to the scene, the defendant stated that he was looking for "Lewis Street," located in a commercial area. The police officer, who testified that he was familiar with the area of the incident, stated that he had never heard of Lewis Street and that there were no commercial buildings in the area.

The occupant of the subject residence testified that he was not at home at the time of the incident. He further stated that he kept the sliding glass doors locked and that he did not give anyone authority or permission to open that sliding glass door and attempt to gain entry to his residence.

Additionally, at the time of the defendant's arrest, the defendant was wearing layers of clothing including, inter alia, a pair of pants with snaps "all across the leg" that could easily be removed.

The defendant's attempt to open the locked sliding door, while wearing a pair of gloves in early September and layers of clothing that could easily be removed to change his appearance, as well as his unexplained and unauthorized presence on the premises, constituted legally sufficient evidence to support the charge of attempted burglary in the second degree (see Penal Law §§ 110.00, 140.25 [2]; *People v Flores,* 303 AD2d 597, 598 [2003]; *see People v Robinson,* 117 AD2d 683 [1986]; *People v Coe,* 99 AD2d 516, 517 [1984]).

Accordingly, we reverse and reinstate the count of the indictment charging the defendant with the crime of attempted burglary in the second degree. Florio, J.P., Adams, Krausman and Rivera, JJ., concur.