Matter of Carmela H. (Danielle F.) (2018 NY Slip Op 06349)





Matter of Carmela H. (Danielle F.)


2018 NY Slip Op 06349


Decided on September 28, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


901 CAF 16-02062

[*1]IN THE MATTER OF CARMELA H. ONONDAGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, PETITIONER-RESPONDENT; DANIELLE F., RESPONDENT-APPELLANT, AND JAMES H., RESPONDENT.






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MAGGIE SEIKALY OF COUNSEL), FOR PETITIONER-RESPONDENT. 
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered October 4, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that the subject child was neglected by respondents and placed the subject child in the custody of petitioner. 
It is hereby ORDERED that said appeal from the order insofar as it concerns the disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order determining that she derivatively neglected the subject child. Contrary to the mother's contention, we conclude that petitioner established that " the neglect . . . of the child's older siblings was so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still existed' . . . , and that the mother failed to address the problems that led to the neglect findings with respect to her other children" (Matter of Burke H. [Tiffany H.], 117 AD3d 1568, 1568 [4th Dept 2014]; cf. Matter of Dana T. [Anna D.], 71 AD3d 1376, 1376 [4th Dept 2010]). The prior neglect findings, which ultimately led to findings of permanent neglect and the termination of the mother's parental rights (Matter of Dakota H. [Danielle F.], 126 AD3d 1313, 1314 [4th Dept 2015], lv denied 25 NY3d 909 [2015]), were based in part on domestic violence in the home and unstable and unsuitable housing conditions. The record establishes that those conditions continued without improvement through September 24, 2013, the date on which the order terminating the mother's parental rights was entered. Furthermore, the evidence at the hearing established that those conditions remained unresolved through October 8, 2015, the date on which the instant petition was filed. A counselor testified that, in July 2014, the mother and respondent father fought so bitterly during couples' therapy that their counselors had to separate them for their own safety. Police reports admitted in evidence indicated that, in October 2014, the father called the police because the mother punched and scratched him in an argument over money and that, in March 2015, the mother called the police seeking an order of protection against the father. The latter report indicated that the mother and the father had broken up and that the father wanted the mother to remove her possessions from his home. Furthermore, petitioner's caseworker testified that, during a visit to the father's home in October 2015, there was the "overwhelming smell" of a dead animal.
The mother's challenges to the dispositional provisions contained in the order, which were entered upon the consent of the parties, are not properly before us because "no appeal lies from that part of an order entered on consent" (Matter of Charity M. [Warren M.] [appeal No. 2], [*2]145 AD3d 1615, 1617 [4th Dept 2016]). To the extent that the mother contends that her attorney provided ineffective assistance at the dispositional hearing, her contention has been rendered moot by the expiration of the relevant dispositional provisions (see Matter of Wendy J., 219 AD2d 874, 874 [4th Dept 1995]).
Furthermore, we reject the mother's contention that she was denied effective assistance of counsel based on her attorney's failure to call a particular psychologist as a witness. That psychologist had previously performed an evaluation of the mother, and Family Court received the report of his evaluation in evidence. Upon reviewing that report, we conclude that the mother's attorney was not ineffective for declining to call the psychologist as a witness because " the record fails to reflect that the desired testimony would have been favorable' " (Matter of Pfalzer v Pfalzer, 150 AD3d 1705, 1706 [4th Dept 2017], lv denied 29 NY3d 918 [2017]).
Entered: September 28, 2018
Mark W. Bennett
Clerk of the Court