In the Matter of JAMES J. DONAHUE, Respondent, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Appellant.

Argued April 4, 1949; decided May 26, 1949.

*Nathaniel L. Goldstein, Attorney-General (Wortley B. Paul and Wendell P. Brown* of counsel), for appellant. I. The annulment of the commissioner's order of revocation, made by the Appellate Division, is erroneous since that court attempted to review the evidence on the basis of its weight and preponderance and did not, as required by section 1296 of the Civil Practice Act, review the evidence on the question whether there was substantial evidence to support the commissioner's determination. (*Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327; *Matter of Miller* v. *Kling,* 291 N. Y. 65.) II. The determination of appellant, that the manner in which petitioner drove his automobile constituted " reckless driving " within the provisions of the Vehicle and Traffic Law, has substantial evidence to support it as a matter of law and should be confirmed. (*People* v.

*Grogan,* 260 N. Y. 138; *People* v. *McKeon,* 134 Misc. 697; *People* v. *Gorman,* 133 Misc. 161; *Shea* v. *Judson,* 283 N. Y. 393; *People* v. *Kosik,* 144 Misc. 403; *Matter of Cohn* v. *Fletcher,* 272 App. Div. 1080, 297 N. Y. 851; *O'Reilly* v. *Davis,* 136 App. Div. 386; *Farrell* v. *Fire Ins. Salvage Corps,* 189 App. Div. 795; *Dolfini* v. *Erie R. R. Co.,* 178 N. Y. 1; *Hagglund* v. *Erie R. R. Co.,* 210 N. Y. 46; *Weigand* v. *United Traction Co.,* 221 N. Y. 39.)

*John R. Normile* for respondent. I. Assuming that the statement in the Appellate Division order that its annulment of the order of the commisioner " on the law and on the facts " is erroneous, nevertheless the Appellate Division examined the record to ascertain if there is " substantial evidence " to justify the determination. (*Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327; *Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 682; *Matter of Miller* v. *Kling,* 291 N. Y. 65.) II. The determination of appellant in revoking petitioner's motor vehicle operator's license on the ground of reckless driving is not supported by substantial evidence. (*Matter of Sheridan* v. *Fletcher,* 270 App. Div. 29; *People* v. *Grogan,* 260 N. Y. 138; *People* v. *Bearden,* 290 N. Y. 478; *Matter of Hart* v. *Mealey,* 287 N. Y. 39; *Matter of Lipschitz* v. *Mealey,* 259 App. Div. 640.)

LEWIS, J. The Commissioner of Motor Vehicles, or any person deputized by him, are among those authorized by statute to revoke a motor vehicle operator's license. (Vehicle and Traffic Law, § 71, subd. 1). Such revocation is " an administrative act reviewable by the supreme court ". (Vehicle and Traffic Law, § 71, subd. 6.)

In the present proceeding under article 78 of the Civil Practice Act we review a nonunanimous order of the Appellate Division which annulled upon the law and facts a determination made — after a hearing — by the appellant, the Commissioner of Motor Vehicles, revoking the petitioner-respondent's motor vehicle operator's license.

In those circumstances the scope of our review is limited to the inquiry whether there was substantial evidence to justify the administrative determination made by the commissioner. (*Matter of Humphrey* v. *State Ins. Fund,* 298 N. Y. 327, 331–332; *Matter of Friedel* v. *Board of Regents,* 296 N. Y. 347, 352; *Matter of Miller* v. *Kling,* 291 N. Y. 65, 69.)

The stated basis of the revocation was " reckless driving on 11/7/47 in Binghamton, N. Y." in violation of section 58 of the Vehicle and Traffic Law. That statute provides in part: " § 58. *Reckless driving.* Reckless driving shall mean driving or using any motor vehicle or motor cycle or any appliance or accessory thereof in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited."

From evidence taken at a formal hearing before a referee, whose authority is not questioned, the following facts were adduced: Hawley Street in the city of Binghamton is an east-west paved thoroughfare which intersects Carroll Street at right angles. At about midnight on November 7, 1947, when the traffic control signal at that intersection was not operating, two automobiles approached that intersection. From the east, moving westerly along Hawley Street, was a car driven by the petitioner-respondent Donahue with whom two passengers were riding on the front seat. From the north, moving southerly along Carroll Street, was a car in which its driver — the witness Bartholomew — was its only occupant. Those two cars collided at a point within the intersection causing death to the two passengers in the Donahue car, property damage to both cars and the subsequent revocation of each driver's operator's license.

Limiting our examination of the record to the question " whether there is ' substantial evidence ' to justify the administrative determination " by which the license of the respondent Donahue was revoked (*Matter of Humphrey* v. *State Ins. Fund, supra,* p. 332) — we find evidence that as the respondent Donahue drove westerly along Hawley Street and approached the intersection mentioned above, he failed to conform with the statutory mandate which requires that " Every driver of a vehicle approaching an intersection shall grant the right of way at such intersection to any vehicle approaching from his right, except where otherwise directed by a peace officer or as otherwise provided by this chapter with respect to intersections where traffic is controlled by traffic control signals." (Vehicle and Traffic Law, § 82, subd. 4.)*

---

* For definition of the use of the phrase " Traffic control signals " see Vehicle and Traffic Law, § 2, subd. 24.

It also appears from respondent's own testimony that when he had reached a point on Hawley Street two car lengths from the intersection he looked to his left and then to his right from which point he had a view northerly along Carroll Street for a distance of " four or five houses ". However, without applying the brakes of his car he entered the intersection where, upon his first sight of the Bartholomew car — approaching three car lengths to the north and moving southerly along Carroll Street — he " attempted to accelerate " his own car but failed to avoid collision with the Bartholomew car coming from the right. According to the respondent's testimony the collision occurred when his car was " Over the center, probably nearly out of the intersection."

When the respondent was questioned as to why, at that midnight hour, he did not see the approach of the car from his right, his testimony was as follows:

" Q. Was there anything to prevent your seeing Mr. Bartholomew's car before you reached the center of the intersection? A. No, I could see him before he reached the center if I had seen him.

" Q. But you didn't look, is that it? A. I looked, yes, I looked.

" Q. How is it you didn't see him then? A. Well, the lights were rather poor.

" Q. What? A. His lights were poor on his car."

As to the condition of lights on the Bartholomew car its driver testified:

" Q. Were your lights on? A. Yes.

" Q. Dim or bright? A. Bright lights.

" Q. Upper or lower beam? A. I think lower but I wouldn't be sure.

" Q. Was that because of approaching traffic? A. Well, city driving, always drive with the lights on the lower beam.

" Q. Could you see a substantial object ahead three hundred fifty feet? A. I think so."

True it is, as claimed by the respondent Donahue that near the west curb of Carroll Street about twenty-five feet north of the intersection there was a " stop " sign facing southbound traffic. There is undisputed evidence, however, that as the Bartholomew car moved southerly along Carroll Street an automobile was parked at the curb in front of the " stop " sign in such a position

as to interfere with a view of the sign by southbound traffic. In this case we are not called upon to determine the duty which was impressed upon Bartholomew by the " stop " sign which — under conditions there existing — was invisible to him as he moved southerly on Carroll Street and approached the intersection of Hawley Street. Whatever that duty may have been in the circumstances it did not relieve the respondent Donahue from obeying the statutory rule prescribed by subdivision 4 of section 82 of the Vehicle and Traffic Law, quoted (*supra*). (Cf. *Shea* v. *Judson,* 283 N. Y. 393, 398.)

The record in this proceeding discloses evidence of reckless driving by the respondent Donahue which we regard as substantial in character and sufficient in law to justify the administrative determination by which the Commissioner of Motor Vehicles revoked the respondent's motor vehicle operator's license. (*Matter of Humphrey* v. *State Ins. Fund, supra,* pp. 331–332.)

The order of the Appellate Division should be reversed and the determination of the Commissioner of Motor Vehicles confirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE, FULD and BROMLEY. JJ., concur.

Order reversed, etc.