Kimball, J.
This proceeding under article 78 of the Civil Practice Act brings up for review the determination of the respondent, after a hearing, which revoked the petitioner’s license to operate a motor vehicle. There were no findings as such but we are disregarding such omission in view of the fact that the point was not raised and because of the fact that there is no issue of fact presented in the record. The “ Decision ” of the hearing referee was: 11 Revoke the license of Marion J. Jenson for violation of Section 71-3E of V. & T. Law, gross negligence.” The revocation order did not follow the “ Decision ” of the hearing referee but instead stated the cause of revocation as: “ Violation of Section 71-3E of the Vehicle & Traffic Law — operating a motor vehicle in a manner showing a reckless disregard for life and property of others * * The respondent was the revoking* authority. (Vehicle & Traffic Law, § 71, subd. 1.) Subdivision 3 of such section provides for permissive suspensions and revocations. By clause (e) of that subdivision, a license may be suspended or revoked “ for gross negligence in the operation of a motor vehicle or motor cycle or operating a motor vehicle or motor cycle in a manner showing a reckless disregard for life or property of others ”.
The minutes of the hearing on which the determination was made covers about a page and a half of the record. The petitioner was the only witness. The petitioner’s report of accident is part of the record as is also a police report signed by a lieutenant of police. Presumably both of those reports were considered by the commissioner in making the determination to revoke the license. The respondent’s brief erroneously states that the police report was signed by the petitioner and argues that such report is out of harmony with petitioner’s testimony at the hearing. The police lieutenant was not sworn as a witness and his report is not binding on the petitioner and should not have been considered by the referee or the commissioner. (Matter of Hart v. Mealey, 287 N. Y. 39.)
Coming to the hearing, we find, as above stated, that there is no issue of fact in spite of the remark of the referee that “ Jenson is rather evasive in his answers.” We find no evasion. The petitioner answered the questions put to him by the referee. The petitioner was driving his 1948 Pontiac car which was in good condition. He was alone and the accident happened about one o’clock in the morning. The petitioner had not been drink *457 ing intoxicants. It was a chilly evening and he had his heater on. The petitioner testified: “ It was the heat or something-got me drowsy and I must have fallen asleep for a minute or so.” He was asked when he began to feel drowsy and he answered. “ I don’t know. I just went blank for a second or so and I hit that parked car.” Again he was asked “ You don’t know when you felt drowsy first? ” and he testified “ Ho, I don’t. It was stuffy in the car.” The petitioner’s report of accident states: “ I was driving north in Delaware, fell asleep at wheel momentarily, car swerved and struck parked car, parked at curb.” The report of the hearing referee states: “ Marion Jenson testified he momentarily dozed at the wheel and crossed the highway to strike a parked car.” This is the finding of fact on which the referee said the petitioner was guilty of “ gross negligence ” and on which the revoking authority held, as cause of revocation, that petitioner was “ operating a motor vehicle in a manner showing a reckless disregard for life and property of others ”.
Keeping in mind that this court must sustain the determination if there is substantial evidence to support it (Matter of Humphrey v. State Ins. Fund, 298 N. Y. 327; Matter of Miller v. Kling, 291 N. Y. 65), we may still enquire as to whether there is substantial or any evidence on which it may be held that the petitioner was guilty of gross negligence in the operation of his car “in a manner showing a reckless disregard for life or property of others ”. The only thing we have here is that “ he momentarily dozed at the wheel.” Our attention has not been called to any case and we have found none in this State, which has held that a momentary dozing, in and of itself, is gross negligence or reckless driving. We do not think that decisions of other States, under their guest statutes, are controlling.
While the question of negligence, either ordinary or gross, is ordinarily one for the judgment of the trier of the facts, “ it may become a question of law.” (People v. Angelo, 246 N. Y. 451, 457.) In this case, there being no dispute as to the facts, it becomes a question of law whether a momentary dozing at the wheel, standing alone, comes within the wording and intent of clause (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law.
It is recognized in this State that “ gross negligence ” is something more than “ ordinary negligence ”. “ Gross ”, “ culpable ”, “ criminal ” and “ reckless ” are the equivalent of each other in meaning and sense when applied to negligence. Such negligence is defined as “ disregard of the consequences *458 which may ensue from the act, and indifference to the rights of others.” (People v. Angelo, supra, p. 457; People v. Grogan, 260 N. Y. 138.) Such meaning is the same whether applied in cases of manslaughter, negligently causing death, reckless driving or the section of the Vehicle and Traffic Law here under consideration. (Matter of Hart v. Mealey, 287 N. Y. 89, supra.) In the Hart case the license was revoked for reckless driving. (Vehicle and Traffic Law, § 58.) Lewis, J., said (p. 42): “ There was nothing in the evidence which gave proof of a reckless disregard by the appellant of the consequences of his conduct or of his indifference to the rights of others.” (See, also, People v. Bearden, 290 N. Y. 478, and People v. Gardner, 255 App. Div. 683.) Matter of Donahue v. Fletcher (299 N. Y. 227) is distinguishable since, in that case, there was shown a violation of a statute.
Returning to clause (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law, we find the words “ gross negligence ” and the phrase “ in a manner showing a reckless disregard for life or property of others ”. Both the words and the phrase import a disregard of the consequences of the act and an indifference to the rights of others. In order to find a “ reckless disregard for life or property of others ”, there must, of necessity, be evidence of a consciousness on the part of the driver of impending dangerous consequences if he persists in his conduct and his failure to desist from such conduct regardless of the consequences. “ Recklessness ” is defined as “ The state of mind accompanying an act, which either pays no regard to its probably or possibly injurious consequences, or whicfh, though foreseeing such consequences, persists in spite of such knowledge ” (Black’s Law Dictionary, [3d ed.]).
We think that in the absence of evidence to show that this driver knew that he was about to fall asleep at the wheel or proof of other facts which would or should have warned the driver in advance that he was in danger of momentary dozing, there is no basis for the determination that he was guilty of gross negligence or that he was driving in a manner showing a reckless disregard for life or property of others. Here there is no proof of intoxication. There is no proof of when the driver first felt drowsy. He “ went blank for a second or so ”. There is no evidence on which a finding could be made that the driver knew or could be charged with knowledge that he was about to “ blank out ”. Lacking such proof, there is nothing to sustain a finding (if one had been made) that there was a consciousness of reckless operation followed by a callous disregard of the *459 consequences — “ a reckless disregard for life or property of others ”.
The Legislature may extend the authority to revoke or suspend an operator’s license to a case where the driver involuntarily falls asleep while driving. It has not done so by clause (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law. A license to operate a motor vehicle is a valuable right. A revocation of such license is the penalty an operator may be called upon to pay if he operates his car in a manner violative of the section. The statute may not be enlarged by implication. There being no evidence, in this record, of gross negligence in the operation of the motor vehicle or of operating it in a manner showing a reckless disregard for life or property of others, the determination should be annulled on the law and the license restored to petitioner, with $50 costs and disbursements to petitioner.
All concur, except Taylor, P. J., and McCurn, J., who dissent and vote to confirm the determination. Present — Taylor, P. J., McCurn, Vaughn, Kimball, and Piper, JJ.
Determination annulled on the law and respondent directed to restore petitioner’s license, with $50 costs and disbursements to petitioner.