Fred J. Munder, J.
The defendant appeals from a judgment of conviction for a violation of subdivision 1 of section 82 of the Vehicle and Traffic Law. The information alleged that he failed to ‘‘ yield the right of way to a police vehicle in the performance of his duties ”.
The charges grew out of a collision between the defendant’s car and the police car operated by the complainant which occurred at about 9:45 p.m. on April 15, 1956 at the intersection of Broadhollow Road and Conklin Street in East Farmingdale. The police car, with red light flashing and siren sounding, was going westerly through the intersection although the light had turned red against him. The defendant, headed south, had been stopped for the red light but started through the intersection after the light had changed to green in his favor.
Subdivision 1 of section 82 of the Vehicle and Traffic Law reads in part as follows: ‘‘ When in the performance of duty *518 the following vehicles shall have the right of way: * * * police * * *, but this shall not relieve the driver or owner of any such vehicle from liability for injuries inflicted in consequence of the arbitrary or careless exercise of this right”. Section 84 of the Vehicle and Traffic Law gives the meaning of the colors used in traffic lights and in part provides: “ The foregoing meanings of amber and red shall not apply to * * * police vehicles * * * when on emergency trips provided such vehicles are driven with caution and adequate warning sounded ”.
These sections confer rights upon police officers in the performance of their duties but in neither case is the right absolute or arbitrary. When exercised, they must be exercised with care and caution.
The failure of another motorist to yield the right of way to a police car, or any other vehicle having the right of way, may constitute reckless driving (Matter of Donahue v. Fletcher, 299 N. Y. 227). Reckless driving is prohibited by section 58 of the Vehicle and Traffic Law. To convict of reckless driving it must be shown that the defendant recklessly disregarded the consequences of his act. (People v. Grogan, 260 N. Y. 138.)
No crime was charged by the simple statement in the information that the defendant violated subdivision 1 of section 82 of the Vehicle and Traffic Law by failing to yield the right of way to a police vehicle on an emergency call. A violation of that rule is evidence of negligence or reckless driving but, in itself, is not a crime.
For that reason the judgment must be reversed and the information dismissed. We may not consider whether or not the evidence will support a conviction for reckless driving, that crime not having been charged. (People v. Grogan, supra.)
The judgment of conviction is reversed, the information dismissed and the fine remitted.