■ In the Matter of JOHN J. BURNS, Petitioner, v. WILLIAM S. HULTS, as Commissioner of the Bureau of Motor Vehicles of the State of New York, Respondent.— Determination unanimously annulled, with costs. Memorandum: We do not find in this record "substantial evidence to justify the administrative determination made by the commissioner." (*Matter of Donahue* v. *Fletcher*, 299 N. Y. 227, 229.) The sole witness at the hearing, other than the petitioner, was the trooper who allegedly made the arrest more than an hour after the accident. There is no proof that the trooper saw the damaged vehicle or visited the scene of the accident. The trooper does not claim that petitioner made any admissions. The proof is tenuous that the officer who made the arrest had reasonable cause to believe that petitioner had operated the vehicle whether in an intoxicated condition or otherwise (Vehicle and Traffic Law, § 1193; *People* v. *Belcher*, 302 N. Y. 529, 534; *People* v. *Entrialgo*, 19 A D 2d 509, 511). Such arrest was requisite, of course, as a foundation to the further demand of the officer that petitioner submit to a blood test (Vehicle and Traffic Law, § 1194, subd. 1). Without passing upon this issue we go directly to the substantive proof at the hearing. The testimony of the trooper is far from satisfactory or substantial. In his written report to the Commissioner made the day following the incident he recites that at the time of refusal to take the test petitioner "walked with a decided stagger, his eyes were bloodshot, and his breath smelled strongly of alcohol." No such proof was forthcoming on the hearing. The officer first testified he could "smell alcohol on [petitioner's] breath." Later he stated that it was not a strong but faint odor. It seems apparent that the

persuasive proof that galvanized the officer into action was petitioner's conduct in the State vehicle when he placed his foot against the dashboard and kicked at the windshield.   There is strong proof, however, of petitioner's serious head injuries.   Evidence was received from two doctors, including a neurosurgeon. The latter expressed the opinion that the irrational and uncontrolled behavior of petitioner was caused by the head injury.   This injury kept petitioner from his work for some three weeks after the accident.   It is a recognized medical fact that a moderate degree of brain injury may result in a state of traumatic delirium during which behavior is unpredictable and often violent.   (Brock, Injuries of the Brain and Spinal Cord [3d ed.], p. 80.)   In such event the symptoms closely parallel those of intoxication.   Upon the record before the respondent we do not find substantial evidence to sustain his determination. (Review of determination of Commissioner of Motor Vehicles revoking petitioner's license, transferred by Monroe Special Term.)   Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.