Dye, J.
(dissenting). I dissent and vote to reverse and to reinstate the determination of the Commissioner of Motor Vehicles. The term “ gross negligence ”, as used in the statute, is negligence in the operation of a motor vehicle “in a manner showing a reckless disregard for life or property of others ” (Vehicle and Traffic Law, § 510, subd. 3, par. [e]). Concededly, the petitioner violated section 1126 of the Vehicle and Traffic Law in that he crossed a double traffic line; section 1121 in that he parked his vehicle in the left lane open for southbound vehicles without giving approaching vehicles “ at least one-half of the * * * roadway”, and subdivision 3 of section 375 in that he failed to put his headlights on low beam. In face of such violations, the use of the phrase ‘‘ gross negligence ’ ’ does not vitiate the determination, since the Commissioner had authority to revoke the license ‘‘ for any violation of the provisions of this chapter, except [§ 1192] ” (§ 510, subd. 3, par. [2]). The determination following the hearing was that the petitioner’s operator’s license should be revoked. There was substantial evidence to justify that administrative determination (Matter of Donahue v. Fletcher, 299 N. Y. 227).
Ordered accordingly.