In the Matter of ROBERT W. DUGGAN, Petitioner, *v.* DEPARTMENT OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.

First Department, December 12, 1968.

*Robert Devine* of counsel (*O'Leary & O'Leary,* attorneys), for petitioner.

*Thomas Riccobono* of counsel (*Samuel A. Hirshowitz* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for respondent.

TILZER, J. We agree with petitioner that evidence of a "mere rear end collision" between his car and the vehicle directly in front of him, where the forward vehicle was traveling at 30 miles per hour on a four-lane highway, would be insufficient to support a finding of gross negligence so as to warrant the suspension of his driver's license. But on the additional evidence before the Referee as to the circumstances of the rear-end collision, but one conclusion can be drawn: that petitioner was guilty of gross negligence in the operation of his motor vehicle. Petitioner struck the car in front of him so violently that his own vehicle was propelled across the roadway three lanes to the left and onto the center divider where it came to a stop against a tree. There was some $600 damage done to the other car and its driver suffered personal injuries necessitating her hospitalization for five days. After the impact, she was subjected to oral abuse by the petitioner, whom she described as being "a little bit intoxicated." And, frightened by the petitioner's manner and his profanity, she called her parents who arrived at the scene within 10 minutes after the occurrence. Her father testified that the petitioner "reeked of liquor."

We regard the foregoing evidence as substantial in character and sufficient in law to justify the determination of the Commissioner of Motor Vehicles. Moreover, even assuming room for choice as to whether the petitioner's negligence was slight or gross, upon this record that decision was for the trier of the facts. Others too, as is evident, might reasonably make the same choice. (*Matter of Donahue* v. *Fletcher*, 299 N. Y. 227, 232; *Matter of Stork Rest.* v. *Boland*, 282 N. Y. 256, 273–274; *People* v. *Angelo*, 246 N. Y. 451, 457; *Matter of Kelley* v. *Kelly*, 5 A D 2d 913; *Matter of Jenson* v. *Fletcher*, 277 App. Div. 454, 457.)

The determination of the Commissioner of Motor Vehicles should be confirmed, without costs and without disbursements.

RABIN, J. (dissenting). I dissent and vote to annul the determination of the Department of Motor Vehicles on the ground that there was no substantial evidence to support the finding that the petitioner was guilty of gross negligence — the ground upon which his license was suspended. (*Matter of Harris* v. *Kelly*, 9 A D 2d 785.)

Paragraph (e) of subdivision 3 of section 510 of the Vehicle and Traffic Law provides for the suspension of an operator's license "for gross negligence in the operation of a motor vehicle or motorcycle or operating a motor vehicle * * * in a manner showing a reckless disregard for life or property of others".

The operator of the car struck by the petitioner, in effect, merely testified that after she had left the parking lot she had driven approximately 150 feet at 30 miles per hour when her vehicle was struck in the rear by petitioner's vehicle. Accepting her version of the accident, rather than petitioner's, all that has been shown was merely a rear-end collision. Such testimony could establish negligence on the part of the petitioner, but it does not establish gross negligence. "It is recognized in this State that ' gross negligence ' is something more than ' ordinary negligence '. ' Gross ', ' culpable ', ' criminal ' and ' reckless ' are the equivalent of each other in meaning and sense when applied to negligence. Such negligence is defined as ' disregard of the consequences which may ensue from the act, and indifference to the rights of others.' (*People* v. *Angelo,* [246 N. Y. 451,] 457, *supra*; *People* v. *Grogan,* 260 N. Y. 138.) Such meaning is the same whether applied in cases of manslaughter, negligently causing death, reckless driving or the section of the Vehicle and Traffic Law here under consideration." (*Matter of Jenson* v. *Fletcher,* 277 App. Div. 454, 457–458.) In the *Jenson* case (*supra*), the court had occasion to consider revocation of an operator's license upon a finding that the petitioner was guilty of gross negligence. In considering the meaning of the words " gross negligence " and the phrase " in a manner showing a reckless disregard for life or property of others " the court stated that in order to find a " reckless disregard for life and property of others," " there must, of necessity, be evidence of a consciousness on the part of the driver of impending dangerous consequences if he persists in his conduct and his failure to desist from such conduct regardless of the consequences." (*Matter of Jenson* v. *Fletcher, supra,* p. 458.) Such has not been shown here. " ' Recklessness ' is defined as ' The state of mind accompanying an act, which either pays no regard to its probably or possibly injurious consequences, or which, though foreseeing such consequences, persists in spite of such knowledge ' (Black's Law Dictionary, [3d ed.])." (*Matter of Jenson* v. *Fletcher, supra,* p. 458.) Likewise, this has not been shown. All that was shown was that there was an accident which might have been the result of the negligence of the petitioner, but there was no showing of gross negligence.

If the evidence established that the petitioner was intoxicated while driving, I would conclude that sufficient might have been shown to sustain the determination under review. However, neither the references to drinking, nor the characterization of the petitioner's condition rises to the level of sufficient

proof of intoxication while driving, which I believe must be established in this case to justify a finding of gross negligence.

Accordingly, the petition should be granted and the suspension of the license should be annulled.

EAGER, J. P., and CAPOZZOLI, J., concur with TILZER, J.; RABIN, J., dissents in opinion in which STEUER, J., concurs.

Determination of respondent confirmed, without costs and without disbursements.