LOUIS NATOLI, an Infant by SALVATORE NATOLI, His Parent, et al., Appellants, v. GRIGSBY C. PEABODY, Respondent.— Judgment of the Supreme Court, Westchester County, entered May 14, 1969, affirmed, with costs. No opinion. Hopkins, Acting P. J., Munder, Martuscello and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and grant a new trial, with the following memorandum: On the afternoon of October 30, 1963 plaintiff Louis Natoli, then five years, eight months old, was riding a bicycle west on St. Mark's Place, Mount Kisco, towards its intersection with Spring Street. At that intersection there was a Stop sign facing westbound traffic on St. Mark's Place. Louis testified that when he reached the intersection he stopped, looked both ways, saw no cars coming, started across and was hit by a car when he was in the middle of the intersection. The car that hit him was defendant's. He had been driving north on Spring Street, so Louis was to his right as they both approached the intersection. Moreover, the proof clearly shows that Louis entered the intersection before defendant did. The trial court declined a request by plaintiff's counsel to charge that "under the Vehicle and Traffic Law, a motorist must yield the right of way to one entering an intersection from the right", and did not charge the substance of that right of way rule [embodied in Vehicle and Traffic Law, § 1140, subd. (b)] in any way. In my opinion this was reversible error. A bicyclist has all the rights and duties of the driver of a car (Vehicle and Traffic Law, § 1231), so subdivision (b) of section 1140 applied to Louis in the same way that it applied to any automobilist. It did not become inapplicable merely because there was a Stop sign facing Louis at the intersection; once he stopped at the intersection pursuant to the Stop sign, the right of way rule of subdivision (b) of section 1140 came into play, and the substance of that rule should have been charged (Matter of Donahue v. Fletcher, 299 N. Y. 227; Petoff v. Wilkins, 277 App. Div. 748; Schomer v. Andy Le Grow, Inc., 198 N. Y. S. 2d 974). It may be that the request to charge was rather ineptly phrased because it omitted the qualifying statement "if they are entering the intersection at approximately the same time" [see Vehicle and Traffic Law, § 1140, subd. (b)]. The trial court did not decline the request on that ground, but apparently on the erroneous ground that the Stop sign made subdivision (b) of section 1140 inapplicable. If he had denied the request on the ground that it was improperly framed, justice would have required him to rephrase it properly and then

charge it, since plaintiff was entitled to that charge and had alerted the court to its improper omission from the main charge; and particularly is that so here where the plaintiff was a five-year-old child, a ward of the court and as such entitled to its protection. I believe the trial court committed another prejudicial error when it charged sections 1142 and 1172 of the Vehicle and Traffic Law, which detail the obligations of a motorist [and, of course a bicyclist (Vehicle and Traffic Law, § 1231)] approaching a Stop sign. As a matter of law, a child of plaintiff's age (five years, eight months) cannot be charged with a knowledge and understanding of such regulations or with the duty to comply with them (*Dugan* v. *Dieber*, 32 A D 2d 815). And if it were assumed arguendo that it was proper to charge those statutes, the charge in this case would nevertheless be inadequate to meet the standard set by *Chandler* v. *Keene* (5 A D 2d 42, 45). It is true that no exception was taken to this part of the charge, but so fundamental an error warrants a reversal in the interests of justice despite the failure to except (see, e.g., *Molnar* v. *Slattery Contr. Co.*, 8 A D 2d 95 [1st Dept.]; *De Gregoria* v. *Queensboro Farm Prods.*, 2 A D 2d 980 [2d Dept.]; *Winser* v. *Trombley*, 14 A D 2d 963 [3d Dept.]; *Bulat* v. *O'Brien*, 13 A D 2d 904 [4th Dept.]). For the foregoing reasons, I think the judgment should be reversed and a new trial granted.