Memorandum. The order of the Appellate Division should be affirmed. The principal error which appellant asserts was not preserved for our review.
On trial appellant claimed that the conduct on which the charges against him were predicated occurred while he was under the influence of Coca Cola which had been spiked with LSD without his knowledge. At the conclusion of the evidence he requested a charge that intoxication is a defense if by reason thereof the actor "is not capable of forming the requisite intent”. In his charge the Trial Judge thereafter included references to the effect to be accorded the voluntary use of *991 drugs as bearing on the defendant’s capacity to form the necessary criminal purpose or intent. At the conclusion of the charge, defendant only took "an exception to your charge as to the effect of intoxication”.
Appellant now asserts that the charge was erroneous in two aspects, first that it failed accurately to describe the effect to be given intoxication and second that it incorrectly characterized the defendant’s use of the drugs as voluntary rather than involuntary. With respect to the former, we agree with the Appellate Division that there was no error in the charge as to the effect to be given intoxication. As to the latter, on which the dissent at the Appellate Division was predicated, the error asserted was not preserved for our review. Appellant argues for the first time on appeal that the charge to the jury should have referred to the involuntary rather than the voluntary use of drugs. At no time at trial, however, was protest registered on this ground. Thus, defendant did not make "his position with respect to the * * * instruction known to the court” at a "time when the court had an opportunity of effectively changing the same” within the contemplation of CPL 470.05 (subd 2).
Whether to grant the request of defense counsel for a continuance to permit him to obtain medical records of the defendant in the possession of the Department of Corrections (of which records counsel had had knowledge some weeks prior to trial but which the department had not produced notwithstanding service of subpoenas signed by both counsel and the court) was a matter to be resolved in the sound discretion of the Trial Judge. We cannot conclude that the denial of the request constituted an abuse of discretion as a matter of law in the circumstances disclosed in this record.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed in a memorandum.