■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RIVERA, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered February 14, 1989, convicting defendant, after a jury trial of burglary in the third degree, possession of burglar's tools, petit larceny

and criminal possession of stolen property in the fifth degree, and sentencing him, as a predicate felon, to a term of from 2½ to 5 years on the burglary count to run concurrently to three six-month terms imposed on the remaining counts, unanimously affirmed.

Police officers observed defendant suspiciously entering and peering into vestibules and hallways of various residential buildings just prior to defendant's entry, through a door marked laundry room, to the basement of 230 East 80th Street. Minutes later, the officers saw defendant exit with a bicycle and, after inquiry, in response to which defendant admitted the bicycle was not his, placed him under arrest. The owner of the bicycle testified that he usually kept it in a padlocked bathroom off the basement corridor, which lock was found broken after the theft.

The sole error asserted by defendant on appeal, that the court's charge to the jury on burglary in the third degree was error in light of *People v Gaines* (74 NY2d 358), was not preserved for review. (CPL 470.05 [2]; *see, People v Rumph,* 38 NY2d 989.) Defendant should have made his position with respect to the instruction known to the court at the time the charge was given so as to afford the court an opportunity to issue a correct or curative instruction. We decline to consider the matter in the interest of justice noting that defendants in *People v Gaines (supra),* and other authorities relied upon by defendant *(see, People v Ferguson,* 158 AD2d 712; *People v Santiago,* 158 AD2d 996), either requested the correct charge or objected to the improper charge as given, and recognizing that the evidence of defendant's guilt was overwhelming. Concur—Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.