■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES FLOW, Appellant.—Judgment, Supreme Court, New York County (Mary Davis, J.), rendered February 7, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him as a predicate felon to a term of 6 to 12 years, unanimously affirmed.

A police officer observed defendant conduct at least one sale of crack, and defendant was arrested shortly thereafter.

Defendant's challenges to the prosecutor's opening remarks and summation comments are unpreserved for review as a matter of law (People v Rivera, 73 NY2d 941), and we decline to review them in the interest of justice.

Defendant's contention to the contrary notwithstanding, the Court properly exercised its discretion in denying defendant's mid-trial requests for substitution of counsel, and, subsequently, for a mistrial and for leave to proceed pro se. The request was untimely. We agree that defendant was using a subterfuge in hopes of improving his chances with a second jury. Further, defendant waived any right to proceed pro se at that late stage of the proceedings by his obstreperous and disruptive conduct (People v McIntyre, 36 NY2d 10, 18).

Finally, defendant's acquiescence in the Court's procedure in questioning an alternate juror, but not the entire jury, concerning the effect of an apparent pickpocketing perpetrated against that alternate during the luncheon recess, and instructing the jury as a whole to put the incident out of their minds, is unpreserved for review because of defendant's failure to except to the instruction at a time when further curative relief might have been provided (People v Rivera, 171 AD2d 488, lv denied 78 NY2d 973). We find no basis to review in the interest of justice. Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.