THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS FENDERSON, Appellant. [611 NYS2d 220] —Appeal by the defendant from a judgment of the Supreme Court, Kings

County (Miller, J.), rendered February 24, 1992, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends for the first time on appeal that he was deprived of a fair trial because the trial court failed to conduct an inquiry of an apparently sleeping juror. This issue is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Torres,* 80 NY2d 944, 945; *People v Jones,* 173 AD2d 359). The defendant did not request that the court make an inquiry of the juror, nor did he move to discharge the juror. The defendant thus demonstrated a willingness to continue to accept the juror as a trier of fact. Therefore, he should not be heard to complain (see, *People v Argibay,* 57 AD2d 520, 521, *affd* 45 NY2d 45, *cert denied sub nom. Hahn v DiGuiseppe* 439 US 930).

In any event, the record does not establish that the juror was sleeping. The court stated that it was a "great jury watcher" and that it "didn't see her sleeping." The prosecutor did not indicate that she saw the juror sleeping, and the defense counsel stated that she did not see the juror sleeping. Thus, the defendant's contention is without merit (see, *People v McIntyre,* 193 AD2d 626; *People v Argibay, supra).*

The defendant contends that the court committed reversible error when, in its charge on burglary in the second degree, it referred to a person unlawfully entering *or remaining* in a building with the intent to commit a crime therein. This issue is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Fernandez,* 197 AD2d 462; *People v Martinez,* 173 AD2d 333; *People v Rivera,* 171 AD2d 488). In any event, it does not warrant reversal. The prosecutor proceeded upon the single theory that the defendant had unlawfully entered an apartment with the intent to commit a crime therein. The defendant did not present any evidence, nor is there any reasonable view of the evidence, that would lead to the conclusion that the defendant's intent to commit the crime was formed after his unlawful entry (see, *People v Martinez, supra; cf., People v Santiago,* 158 AD2d 996). Therefore, it is unlikely that the jury was misled by the court's charge (see, *People v Fernandez, supra; People v Nelson,* 176 AD2d 1245). Moreover, there is no evidence in the record that the jury was confused by the charge (cf., *People v Gaines,* 74 NY2d 358).

The defendant contends that the court erred in its charge by failing to instruct the jury that a reasonable doubt could

arise from a lack of evidence. The defendant's contention is unpreserved for appellate review (see, CPL 470.05 [2]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.