■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO PAGAN, Appellant. [620 NYS2d 54] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered July 6, 1993, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 23 years to life, unanimously affirmed.

The trial court was not obligated to charge the affirmative defense to murder in the second degree that defendant acted under the influence of extreme emotional disturbance (Penal Law § 125.25 [1] [a]), where the evidence at trial, in large part supplied by defendant's confession, that defendant, a week before the murder, had warned the victim's mother that the victim would be killed if he did not return a gun defendant had loaned him, and, on the day of the shooting, had lured the victim, who, rumor had it, had called defendant a "sucker" to an isolated rooftop and shot him in the back of his head and stomach, negated the subjective element of the defense, i.e., the presence of extreme emotional disturbance *(see, People v Walker,* 64 NY2d 741), and there was no expert testimony at trial to substantiate defendant's claim of diminished mental capacity at the time of the shooting *(compare, People v Tabarez,* 113 AD2d 461, *affd* 69 NY2d 663).

The trial court properly declined to assign new counsel where defendant never interposed any objection to the quality of his attorney's representation until after the People had presented overwhelming evidence of his guilt and had rested their case, and the reasons proffered, including counsel's failure to ask questions suggested by defendant, did not demonstrate good cause for the substitution (*People v Flow*, 190 AD2d 523, *lv denied* 81 NY2d 970). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Williams, JJ.