■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YONG YUN LEE, Appellant. [668 NYS2d 897] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered May 14, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the trial a woman seated in the courtroom made a comment in Chinese to an Asian-American witness on the stand. The court excused the jury and determined that the comment was in the nature of a threat. Thereafter the court individually questioned all of the jurors in his chambers, in the presence of the prosecutor and the defendant's attorney, to determine their continued ability to serve fairly and impartially. The first juror stated that he understood Chinese, and that after the jurors left the courtroom he had translated the comment for the rest of the panel. As a result of the interviews the court excused two of the jurors.

The defendant's contention that the court's failure to excuse a third juror violated his fundamental right to a fair trial is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Dien,* 77 NY2d 885, 886; *People v Udzinski,* 146 AD2d 245). Indeed, not only did defense counsel fail to object to this juror after the court made inquiries regarding her ability to serve impartially, but counsel made no inquiries of his own. Accordingly, the defense demonstrated a willingness to continue to accept the juror as a trier of fact and should not be now heard to complain (*see, People v Fenderson,* 203 AD2d 585).

The consecutive sentences imposed were neither illegal (*see, People v Day,* 73 NY2d 208) nor excessive.

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Santucci and Joy, JJ., concur.