the assault committed by him inside the dwelling cannot be used to aggravate the crime from second degree burglary to first degree burglary. Under the statute, the aggravating element is established upon proof of defendant's causation of injury to a non-participant, regardless of defendant's state of mind at the time of entry (see, Penal Law § 140.30 [2]). Defendant's reliance on *People v Brown* (112 AD2d 13, 14, *affd* 67 NY2d 555, 560-561, *cert denied* 479 US 1093) is misplaced; that case prohibits the use or display of a firearm as the predicate for criminal display of a firearm in the first degree.

Contrary to defendant's contention, the verdict is not against the weight of the evidence on the issue whether defendant had the essential criminal intent at the time of the break-in (see, *People v Bleakley*, 69 NY2d 490, 495). A finder of fact could infer from the circumstances of the entry and from defendant's assaultive and larcenous acts, which occurred within minutes of the break-in, that defendant possessed the requisite criminal intent at the time of the break-in (see, *People v Barnes*, 50 NY2d 375, 381; *People v Mackey*, 49 NY2d 274, 280).

We have considered defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Niagara County Court, Fricano, J.—Burglary, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.

■ The People of the State of New York, Respondent, v Charles A. Lester, Appellant. (Appeal No. 1.) [705 NYS2d 924] —Judgment unanimously affirmed (see, *People v Degree*, 270 AD2d 847 [decided herewith]). (Appeal from Judgment of Oswego County Court, Clary, J.—Sexual Abuse, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.

■ The People of the State of New York, Respondent, v Charles A. Lester, Appellant. (Appeal No. 2.) [705 NYS2d 918] —Judgment unanimously affirmed (see, *People v Degree*, 270 AD2d 847 [decided herewith]). (Appeal from Judgment of Oswego County Court, Clary, J.—Sexual Abuse, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Wisner and Scudder, JJ.

■ Michael L. Woods, Appellant-Respondent, v Michael Alexander et al., Defendants, and R.J.D. Security, Inc., Respondent-Appellant. [705 NYS2d 768] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Plaintiff was injured at a Sabres hockey game at the Memorial Auditorium (Auditorium) in Buffalo when he was assaulted by defendant Michael Alexander. Plaintiff brought suit against, *inter alia,* Alexander, the owner of the Auditorium, the lessor,