■ The People of the State of New York, Respondent, v Rafael Vasquez, Appellant. [715 NYS2d 675] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]). At trial, the People Presented evidence that the victim, upon returning home from a mini-mart around the corner, observed defendant emerging from the front door of the victim's first floor apartment carrying a television that belonged to the victim. The victim called 911 and restrained defendant until the police arrived.

By failing to move for dismissal on the ground that the People failed to prove that the apartment was a dwelling as defined in Penal Law § 140.00 (3), defendant failed to preserve for our review his contention that the proof is legally insufficient with respect to that element of the crime charged (*see, People v Gray*, 86 NY2d 10, 19). Contrary to defendant's conten-

tion, the verdict is not against the weight of the evidence on the issue whether defendant possessed the requisite criminal intent at the time of the entry (see, People v Bleakley, 69 NY2d 490, 495). Defendant's intent to commit a crime at the time of the entry may be inferred from the circumstances surrounding the entry (see, People v Barnes, 50 NY2d 375, 381; People v Wells, 270 AD2d 849, lv denied 95 NY2d 806; People v Price, 234 AD2d 978, lv denied 90 NY2d 862).

County Court properly determined that defendant's statements to the arresting officers were admissible. The evidence adduced at the suppression hearing supports the court's determination that the statements were spontaneous and not the product of interrogation or its functional equivalent (see, People v Rivers, 56 NY2d 476, 479, rearg denied 57 NY2d 775; People v Leon, 264 AD2d 784; People v Engert, 263 AD2d 959, lv denied 93 NY2d 1017). (Appeal from Judgment of Niagara County Court, Fricano, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Hurlbutt, Scudder and Balio, JJ.