■ The People of the State of New York, Respondent, v Carl Curella, Appellant. [746 NYS2d 30] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered May 18, 1998, convicting him of burglary in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error when, in its charge on burglary in the first degree (*see* Penal Law § 140.30 [2]), it failed to redact the language "or remain[ed]" from the element, "enter[ed] or remain[ed] unlawfully." This issue is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rumph,* 38 NY2d 989, 991; *People v Lafond,* 213 AD2d 678). In any event, reversal is not warranted. The prosecution proceeded upon the sole theory that the defendant had unlawfully entered the home of the complainant with intent to commit a crime therein. During his testimony, the defendant presented no facts that could "lead to the conclusion that intent to commit the crime was formed after his unlawful entry" (*People v Fenderson,* 203 AD2d 585, 586). It is "[t]herefore * * * unlikely that the jury was misled by the court's charge" and no reversible error was committed especially where, as here, the record reveals no evidence that the jury was confused by that particular portion of the charge (*People v Fenderson, supra* at 586).

Additionally, the defendant claims that his conviction of as-

sault in the second degree (*see* Penal Law § 120.05 [6]), should be dismissed pursuant to CPL 300.40 (3) (b) as an inclusory concurrent count of his conviction of burglary in the first degree (*see* Penal Law § 140.30 [2]). The charge of assault requires proof of the infliction of physical injury "in furtherance of" the underlying felony of burglary. This element is not required to prove the burglary charge. "Thus, the assault was not a 'lesser offense * * * included within the greater'" (*People v Abrew,* 95 NY2d 806, 809, quoting CPL 300.30 [4]).

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.