# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1238

KA 10-00694

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND WHALEN, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

YUSUF HASSEM, ALSO KNOWN AS YUSUF A. HASSEM,
ALSO KNOWN AS LOUIS L. REED, ALSO KNOWN AS LOUIS
REED, ALSO KNOWN AS YUSEF HASSEM, ALSO KNOWN AS
ANTE L. DAVIS, DEFENDANT-APPELLANT.

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF
COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered March 17, 2010. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]). We reject defendant's contention that the conviction is not supported by legally sufficient evidence. "[E]ven in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678), a standard that was met here. Defendant was found guilty of stealing $2,000 in cash from a woman whom he had just met. The victim testified that she had the cash in her lap when defendant was present in her car and hugged her, and she realized almost immediately after he had left the car that it was gone. Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Even assuming, arguendo, that a different verdict would not have been unreasonable (*see Danielson*, 9 NY3d at 348), we conclude that the jury did not fail to give the evidence the weight it should be accorded (*see People v Johnson*, 94 AD3d 1563, 1564, *lv denied* 19 NY3d 962; *see generally Bleakley*, 69 NY2d at 495). Upon our review,

we "must give [g]reat deference . . . [to the factfinder's] opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Flagg*, 59 AD3d 1003, 1004, *lv denied* 12 NY3d 853 [internal quotation marks omitted]).

Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Wright*, 85 AD3d 1642, 1643, *lv denied* 17 NY3d 863) and, in any event, that contention is without merit. Contrary to defendant's contention, the prosecutor did not impermissibly shift the burden of proof to defendant or vouch for a police officer who testified. " 'The prosecutor made no reference to defendant's failure to testify, and the comments he did make were not of such character as would naturally and reasonably be interpreted by the jury as adverse comment on defendant's failure to take the stand' " (*People v Spagnualo*, 5 AD3d 995, 997, *lv denied* 2 NY3d 807, quoting *People v Burke*, 72 NY2d 833, 836, *rearg denied* 72 NY2d 953). Moreover, the prosecutor's comment that the officer investigated the case "rather well" was "a fair response to the summation of defense counsel, who had attacked the credibility [of the officer]" (*People v West*, 4 AD3d 791, 792).

Finally, the sentence is not unduly harsh or severe in light of defendant's extensive criminal history involving similar crimes.

Entered:  November 9, 2012                    Frances E. Cafarell
                                              Clerk of the Court