*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 16, 2016                    106667
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

BOBBY SMITH,
                        Appellant.
_____


Calendar Date:   April 21, 2016

Before:   McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____


        David E. Woodin, Catskill, for appellant.

        Paul Czajka, District Attorney, Hudson (James A. Carlucci
of counsel), for respondent.

_____


Devine, J.

        Appeal from a judgment of the County Court of Columbia
County (Koweek, J.), rendered January 15, 2014, upon a verdict
convicting defendant of the crimes of burglary in the second
degree and robbery in the third degree.

        Several masked men participated in a home invasion in
Columbia County during the early morning hours of August 2, 2012,
but the occupants were able to call 911 before the intruders
could restrain them.  The perpetrators fled in a vehicle after
deputies from the Columbia County Sheriff's Office arrived on the
scene.  Unaware of that turn in events, troopers dispatched by
the State Police were nearing the residence.  The troopers
observed a vehicle approaching from the direction of the
residence and activated their emergency lights in order to ensure

that the other vehicle would yield at a narrow bridge. The vehicle responded by making a hard right turn onto another road while its right rear passenger door was open, piquing the suspicions of the troopers and prompting a high speed chase. The chase concluded when the vehicle left the road and became mired in a pond, and defendant was apprehended sitting in the water next to the vehicle.

Defendant and four codefendants were thereafter charged in an indictment with burglary in the first degree and robbery in the first degree. Following a hearing, County Court rejected defendant's application to suppress evidence recovered in the aftermath of the chase. County Court further ordered that defendant be tried separately from his codefendants and, at the end of that trial, a jury convicted defendant of the lesser included offenses of burglary in the second degree and robbery in the third degree. County Court sentenced defendant to an aggregate prison term of 12 years, to be followed by postrelease supervision of three years, and defendant now appeals.

We affirm. Defendant challenges the propriety of County Court's suppression ruling, primarily arguing that the troopers were not justified in beginning the pursuit that led to his arrest. In that regard, "a defendant's flight in response to an approach by the police, combined with other specific circumstances indicating that the suspect may be engaged in criminal activity, may give rise to reasonable suspicion, the necessary predicate for police pursuit" (People v Sierra, 83 NY2d 928, 929 [1994]; accord People v Woods, 98 NY2d 627, 628 [2002]; People v Daniels, 24 AD3d 970, 971-972 [2005], lv denied 6 NY3d 811 [2006]). County Court relied upon the suppression hearing testimony of one of the troopers involved in the pursuit and, inasmuch as our review of the record does not reveal that reliance to have been "clearly erroneous," we accord "great deference" to it (People v Musto, 106 AD3d 1380, 1380 [2013], lv denied 21 NY3d 1007 [2013]; see People v Davis, 83 AD3d 1210, 1212 [2011], lv denied 17 NY3d 794 [2011]).

The trooper specifically testified to seeing a vehicle traveling toward them from the direction of a nearby residence that he knew from the dispatch call was in the process of being

burglarized.  The troopers activated the emergency lights to ensure that the vehicle would yield the right-of-way and allow them to quickly reach the residence but, instead of pulling over, the vehicle made a hard right turn onto another road while the right rear passenger door was open (see Vehicle and Traffic Law § 1144 [a]).  At a minimum, that sequence of events gave rise to a reasonable suspicion that the operator of the vehicle was engaging in reckless driving and permitted the pursuit that followed (see Vehicle and Traffic Law § 1212; People v Carr, 99 AD3d 1173, 1175 [2012], lv denied 20 NY3d 1010 [2013]; People v Cobb, 172 Misc 2d 851, 852-853 [1997], lv denied 90 NY2d 856 [1997]; People v Simmons, 7 Misc 2d 517, 518 [1957]).  The driver of the vehicle then refused to stop and engaged the troopers in a high speed chase, several of the vehicle's occupants fled after it crashed and defendant was found in close proximity to the abandoned vehicle, all of which afforded probable cause to place defendant under arrest (see Penal Law § 270.25; Vehicle and Traffic Law § 1212; People v Samms, 258 AD2d 676, 677 [1999], mod on other grounds 95 NY2d 52 [2000]).  County Court, as a result, properly denied defendant's suppression motion.

Defendant next contends that County Court committed reversible error in misleadingly charging the jury that a person is guilty of burglary in the second degree when he or she "knowingly enters or remains unlawfully in a [dwelling] with the intent to commit a crime therein" (emphasis added) (cf. People v Gaines, 74 NY2d 358, 363 [1989]; CJI2d [NY] Penal Law § 140.25 [2]).  Defendant raised no objection to that jury charge before County Court and, as such, the issue is not preserved for appellate review (see CPL 470.05 [2]; People v Melendez, 16 NY3d 869, 870 [2011]; People v Heiserman, 127 AD3d 1422, 1424-1425 [2015]).  Regardless, "defendant did not present any evidence, nor is there any reasonable view of the evidence, that would lead to the conclusion that [his] intent to commit the crime was formed after his unlawful entry" (People v Fenderson, 203 AD2d 585, 586 [1994], lv denied 84 NY2d 825 [1994]).  The witnesses at trial consistently testified that defendant and his compatriots were masked and gloved when they forced their way into the residence, making his intent at the time of entry rather clear.  Inasmuch as the jury could not have been misled by the charge under these circumstances, any error was harmless and we perceive

no reason to take corrective action in the interest of justice (see People v Curella, 296 AD2d 578, 578 [2002]; People v Castano, 236 AD2d 215, 215 [1997], lv denied 89 NY2d 1033 [1997]; People v Fenderson, 203 AD2d at 586).

Defendant's remaining argument is that the sentence imposed was harsh and excessive but, suffice it to say, "our review of the record reveals neither an abuse of discretion by County Court nor the existence of extraordinary circumstances warranting a reduction of the sentence in the interest of justice" (People v Murphy, 56 AD3d 951, 951 [2008], lv denied 12 NY3d 786 [2009]).

McCarthy, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court