# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

776

KA 14-00231

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

NICHOLAS E. CARDUCCI, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (E. Jeannette Ogden, A.J.), rendered September 3, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). We reject defendant's contention that the People violated County Court's pretrial ruling that a detective who investigated the burglarized house could not present opinion testimony because he was not an expert in tool mark identification. The People adhered to the ruling inasmuch as the detective did not render an opinion whether the tool marks on the frame of the door leading from the mud room into the house matched the burglar tools found in defendant's vehicle; he testified as a lay witness about his observations and actions, which was proper (*see generally People v Hoppe*, 47 AD2d 571, 572). In addition, the court did not err in admitting the other evidence of the tool marks, including photographs thereof (*see People v Marini*, 114 AD2d 686, 687-688, *lv denied* 67 NY2d 653). Defendant did not preserve his further contention that he was prejudiced when the prosecutor elicited significant testimony from the detective regarding his scientific background and education despite the court's ruling that the detective was not permitted to testify as an expert (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Valdez*, 53 AD3d 172, 173-176, *lv denied* 11 NY3d 836).

Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish that the attached

mud room and the garage of the house in which he was discovered by the homeowner were part of the "dwelling" for purposes of Penal Law §§ 140.00 (3) and 140.25 (2) (*see People v Rivera*, 301 AD2d 787, 788, *lv denied* 99 NY2d 631; *People v Vasquez*, 277 AD2d 1023, 1023, *lv denied* 96 NY2d 788). In any event, that contention is without merit (*see People v Jackson*, 126 AD3d 1508, 1510; *Rivera*, 301 AD2d at 788-789; *People v Carmel*, 298 AD2d 928, 928-929, *lv denied* 99 NY2d 556). We reject defendant's contention that the evidence is legally insufficient to establish that he intended to commit a crime when he unlawfully entered the house (*see generally People v Bleakley*, 69 NY2d 490, 495). The jury was entitled to infer beyond a reasonable doubt that defendant intended to commit a crime inside the building based on the evidence of the fresh tool marks on the frame of the door leading from the mud room into the house, defendant's possession of burglar tools, his unexplained presence on the premises, and his actions and statements when confronted by the homeowner, the witnesses from whom the homeowner sought help, and the police (*see People v James*, 114 AD3d 1202, 1205, *lv denied* 22 NY3d 1199; *People v Freeman*, 103 AD3d 1177, 1177-1178, *lv denied* 21 NY3d 912; *People v Vivenzio*, 103 AD2d 1044, 1044-1045). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, we conclude that he was not deprived of a fair trial by prosecutorial misconduct during the opening statement (*see People v Castro*, 281 AD2d 935, 935-936, *lv denied* 96 NY2d 860), and that the alleged instances of prosecutorial misconduct on summation were either "a fair response to defense counsel's summation or fair comment on the evidence" (*People v Walker*, 117 AD3d 1441, 1442, *lv denied* 23 NY3d 1044 [internal quotation marks omitted]; *see People v Hassem*, 100 AD3d 1460, 1461, *lv denied* 20 NY3d 1099).

We further conclude that the court properly declined to give defendant's requested supplemental jury charge inasmuch as an adverse inference instruction was not warranted in this case (*see generally People v Durant*, 26 NY3d 341, 347; *People v Matos*, 138 AD3d 426, 427, *lv denied* 27 NY3d 1135). In addition, defendant failed to preserve for our review his contention that the court's instructions on the burglary count were erroneous inasmuch as he did not request that the court omit the "or remains" language from its proposed charge and failed to object to the charge as given on that ground (*see People v Smith*, 140 AD3d 1396, 1398; *People v Bonner*, 256 AD2d 1219, 1220, *lv denied* 93 NY2d 871). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *Smith*, 140 AD3d at 1398). Contrary to defendant's further contention, this case does not involve the possibility that the jury rendered a nonunanimous verdict, i.e., that defendant was convicted on different theories of the burglary as presented in the court's charge, inasmuch as the evidence adduced here could not have established that defendant entered the house lawfully and formed the

intent to commit a crime while remaining therein (*cf. People v Graves*, 136 AD3d 1347, 1348, *lv denied* 27 NY3d 1069).

Finally, the sentence is not unduly harsh or severe.  The certificate of conviction, however, incorrectly reflects that defendant was sentenced as a second felony offender, and it must therefore be amended to reflect that he was sentenced as a second violent felony offender (*see People v Dombrowski*, 94 AD3d 1416, 1417, *lv denied* 19 NY3d 959; *People v Afrika*, 79 AD3d 1678, 1680, *lv denied* 17 NY3d 791).

Entered:  October 7, 2016                          Frances E. Cafarell
                                                   Clerk of the Court