■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY MARTINEZ, Respondent. [635 NYS2d 202] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about August 18, 1994, which granted defendant's motion to suppress physical evidence and a post-arrest statement, unanimously reversed, on the law, and the motion denied.

Defendant was arrested on August 7, 1993 and charged with criminal possession of stolen property in the third degree and related counts. Upon his motion to suppress physical evidence and statements he had made to the arresting officer, a hearing was held. According to the facts credited by the hearing court in its findings of fact, at 5:30 A.M. on the day in question, two plainclothes officers pulled up next to a Buick stopped at a red light at the corner of First Avenue and 103rd Street. Both officers noticed that there was no key in the ignition of the Buick and saw the two men in the front seat look toward the officers and then speak to each other, whereupon the driver put his hand over the ignition, in an apparent attempt to cover it. The driver then made a screeching left turn through the red light and sped west on 103rd Street, with the police in pursuit. The Buick ultimately turned into a parking lot and came to a stop. The driver and defendant, who was the passenger, immediately got out and ran, leaving the motor running. When defendant was apprehended, he was found to have a screwdriver in his pocket. At the precinct, defendant asked one of the officers what he was being arrested for and when the officer told him he was being charged with auto theft and possession of stolen property he replied that the driver had taken the car from the parking lot and had come to pick him up. When the officer asked where he was at that point, defendant responded that he was standing outside and that "we took the car because we needed a ride".

On these facts, suppression of the screwdriver found on the defendant and his initial statement to the police should have been denied. While flight from the police, on its own, is an insufficient basis on which to make a finding of reasonable suspicion entitling the police to stop or pursue a defendant (*People v Martinez*, 80 NY2d 444, 448), in this case there was much more. Clearly, the pursuit and stop of the automobile

was proper, as it was driven at high speed through a red light in full view of the police. It is beyond cavil that a traffic violation may form the predicate for a police stop of an automobile (*People v Ingle*, 36 NY2d 413).

Moreover, regardless of whether traffic violations committed by the driver may justify the pursuit of a passenger who runs from the car when it is stopped, the police in this case also knew that defendant had been in a car which had apparently been started without a key and knew that, after appearing to notice that he was being observed, defendant had spoken with the driver who had immediately attempted to cover the keyless ignition with his hand. When coupled with defendant's flight from the car, these facts clearly gave rise to a reasonable suspicion that the car was stolen and that defendant was involved in the theft, justifying the pursuit, forcible stop and frisk. Under these particular circumstances, defendant's possession of a screwdriver then gave rise to the requisite probable cause to arrest.

As to defendant's statements, the prosecution previously conceded that those statements which followed the arresting officer's inquiry of the defendant as to where he was when the driver was taking the car were inadmissible. As to his initial statement that the driver had taken the car from the parking lot, since the uncontradicted evidence at the hearing, as credited by the court, shows that this statement was spontaneous (*see, People v Rivers*, 56 NY2d 476), there is no merit to the defendant's contention that it should have been suppressed because he was not given *Miranda* warnings or because, as a 16-year-old, he should not have been interrogated without access having first been afforded to his parent or guardian. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.