OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The trial court did not abuse its discretion in denying defendant’s request to call the complainant to testify at the
 
 Wade
 
 hearing
 
 (see, People v Taylor,
 
 80 NY2d 1, 15). The hearing evidence revealed no substantial constitutional question as to the suggestiveness of the lineup that would necessitate the complainant’s testimony
 
 (see, People v Chipp,
 
 75 NY2d 327, 337-338,
 
 cert denied
 
 498 US 833). Defendant argues that, prior to viewing the lineup, the complainant may have seen a “wanted” poster containing a sketch of the perpetrator created by the complainant and a police artist. The poster was displayed in a prominent location in the station house. He contends that if the complainant saw the poster, his lineup identification of defendant may have been rendered unduly suggestive. Defendant, however, failed to lay a foundation for this claim. He did not question the police witness at the hearing about the poster’s location at the station house, or inquire whether the complainant was in proximity to it prior to the lineup. Further, defendant presented no evidence to support his theory that viewing the sketch could have tainted the lineup identification, where the sketch was based solely on the complainant’s own recollections of the perpetrator.
 

 Defendant points to the complainant’s trial testimony as evidence that he may have seen the wanted poster. However, defendant may not rely on trial testimony to support his challenge to the court’s ruling at the
 
 Wade
 
 hearing
 
 (see, People v Dodt,
 
 61 NY2d 408, 417). Nor did he move to reopen the
 
 Wade
 
 hearing following the complainant’s trial testimony.
 

 Defendant’s conviction for assault in the first degree (Penal Law § 120.10 [4]) was not an inclusory concurrent count of his conviction for robbery in the first degree (Penal Law § 160.15 [1]).
 
 *
 
 The assault charge required the infliction of serious physical injury “in furtherance of’ the underlying felony
 
 *809
 
 (here, the robbery) — an element not required by the robbery charge. Thus, the assault was not a “lesser offense [] included within the greater” (CPL 300.30 [4]).
 

 Defendant’s remaining contentions are without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.
 

 *
 

 At the time of the offense, robbery in the first degree was a class B felony, and assault in the first degree was a class C felony. Thus, the assault was an offense of lower classification, one of the requirements for an inclusory concurrent count (see, CPL 300.30 [4]). Effective November 1, 1996, first-degree assault was reclassified as a class B felony (L 1996, ch 646, § 2).