■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEZRA GEORGE, Appellant. [823 NYS2d 21]—

Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered December 16, 2003, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to 25 years to life, unanimously affirmed.

The court properly exercised its discretion in denying defendant's mistrial motion, made on the basis of a brief reference in the prosecutor's summation to statements made by the separately tried, nontestifying codefendants, since the prosecutor's remark constituted fair comment on the evidence (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). The court had received limited evidence concerning the codefendants' statements because defendant had opened the door to their admission, and there was no meaningful difference between the prosecutor's reference to these statements and the evidence in the record. To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's choice of strategy (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's challenge to the court's charge on the issue of the voluntariness of defendant's statements is unpreserved (*see People v Hoke*, 62 NY2d 1022 [1984]), and we decline to review it in the interest of justice. Were we to review this claim we would find that the court delivered a proper voluntariness charge. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.