■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE WHITEHURST, Appellant. [822 NYS2d 525]—

Judgment, Supreme Court, New York County (Carol Berkman, J., at suppression hearing; Renee A. White, J., at jury trial and sentence), rendered October 12, 2004, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a term of two years, unanimously affirmed.

---

The court properly denied defendant's motion to suppress physical evidence and a statement. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). In challenging the hearing court's rulings on the admissibility of the pistol recovered from his car and his statement to the police, defendant, who failed to make a proper renewal motion (*see* CPL 710.40 [4]), improperly relies on testimony that was adduced at his trial (*People v Abrew*, 95 NY2d 806, 808 [2000]). In any event, even if we were authorized to consider trial testimony, and if we did so in this case, there would be no basis for suppression. Over a period of time, the police watched defendant and another person trying to enter a car, without the use of a key, by forcing the doors open. After finally entering the car, the men attempted to leave upon the approach of the police. Even assuming the police then detained defendant, they had reasonable suspicion of criminality upon which to do so (*see People v Martinez*, 222 AD2d 262, 263 [1995]), and their ensuing discovery of a pistol in open view in the car provided probable cause to arrest. In addition, there was nothing in either the hearing or trial evidence that cast any doubt on the voluntariness of defendant's statements.

To the extent that defendant is challenging the sufficiency or weight of the evidence, such claims are improperly raised for the first time in his reply brief, and are in any event without merit. There is no basis for disturbing the jury's determinations concerning credibility.

Since defendant failed to request any remedy, he did not preserve his claims that the People violated their constitutional and statutory disclosure obligations, and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

The hearing and trial courts accorded defendant a full opportunity to be heard as to all legal issues. To the extent defendant is claiming that his trial counsel was misled into believing that certain bench conferences were being recorded, that claim is unreviewable (*see People v Kinchen*, 60 NY2d 772 [1983]). Concur—Mazzarelli, J.P., Friedman, Gonzalez, Catterson and Malone, JJ.