■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EPPS, Appellant. [851 NYS2d 507]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered April 21, 2005, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the second degree and assault in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification. Defendant's guilt was established through reliable identification testimony by two witnesses, accompanied by corroborating evidence.

The court properly denied defendant's suppression motion. As to each of the two lineups, the characteristics of the participants were reasonably similar and any differences were not sufficient to create a substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). Defendant's remaining claims with respect to the alleged suggestiveness of the identification procedures are unpreserved (*see e.g. People v Carlson*, 277 AD2d 158, 159 [2000], *lv denied* 96 NY2d

733 [2001]), and we decline to review them in the interest of justice. As an alternative holding, we also reject such claims on the merits, since they are improperly based on trial, rather than hearing, testimony (*see People v Abrew*, 95 NY2d 806, 808 [2000]). Moreover, even on the basis of trial testimony, we do not find any of the identification procedures to be unduly suggestive.

A court officer's response to certain jurors' inquiry regarding the order of proof at trial was merely ministerial (*see People v Bonaparte*, 78 NY2d 26, 30-31 [1991]). The court conducted a thorough inquiry, and carefully instructed the jurors at issue that defendant had no obligation to call witnesses, or any other burden of proof, and that such burden rested solely with the People. Accordingly, the court officer's innocuous response concerning the order of proof could not have caused defendant any prejudice, and the court properly declined to declare a mistrial or replace the jurors at issue with alternates. Concur—Mazzarelli, J.P., Williams, Sweeny, Catterson and Moskowitz, JJ.