■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HANCY MAXIS, Appellant. [855 NYS2d 251]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered May 21, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that certain physical evidence and his statement to law enforcement officials should have been suppressed as the result of a warrantless search of his apartment and the backyard of the apartment building. However, the specific arguments asserted by the defendant on appeal are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Valverde*, 13 AD3d 658, 659 [2004]; *People v Toellner*, 299 AD2d 567 [2002]). Moreover, the defendant may not rely upon trial testimony to challenge a suppression issue where, as here, he failed to request a reopening of the suppression hearing (*see People v Rice*, 39 AD3d 567, 568 [2007]; *People v Facey*, 22 AD3d 765, 766 [2005]).

Furthermore, contrary to the defendant's contention, he was not denied the effective assistance of counsel (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]).

The trial court providently exercised its discretion in denying a continuance of the sentencing proceeding, as the requested continuance was, by defense counsel's own admission, based on speculative thirdhand information (*cf. People v Fisher*, 266 AD2d 308, 309 [1999]).

The defendant's remaining contentions are without merit. Fisher, J.P., Ritter, Dillon and McCarthy, JJ., concur.