THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN NUNEZ, Appellant. [865 NYS2d 638]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered March 22, 2007, convicting him of robbery in the first degree, burglary in the

first degree, robbery in the second degree, burglary in the second degree, and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

In challenging the hearing court's determination denying suppression of his statements to law enforcement officials, the defendant relies upon trial testimony. However, the "defendant may not rely upon trial testimony to challenge a suppression issue where, as here, he failed to request a reopening of the suppression hearing" (*People v Maxis,* 50 AD3d 922, 923 [2008]; *see People v Abrew,* 95 NY2d 806, 808 [2000]; *People v Rice,* 39 AD3d 567 [2007]; *People v Crosby,* 33 AD3d 719 [2006]). The record supports the hearing court's determination that the police had probable cause to arrest the defendant based on the information furnished by a named private citizen (*see People v Chipp,* 75 NY2d 327, 339-340 [1990], *cert denied* 498 US 833 [1990]; *People v Nealy,* 32 AD3d 400, 401 [2006]; *People v Nieves,* 26 AD3d 519, 520 [2006]; *People v Pagan,* 184 AD2d 738 [1992]; *People v Grams,* 166 AD2d 717 [1990]).

The defendant has not preserved for appellate review his contention that the trial court erred in allowing into evidence testimony regarding a witness's pretrial identification of him from a computer photographic array on the ground that the People failed to serve proper notice (*see* CPL 710.30 [1] [b]). In any event, any error in admitting such testimony was harmless (*see People v Johnson,* 57 NY2d 969, 970 [1982]; *People v Herndon,* 47 AD3d 837, 838 [2008]; *People v Peterkin,* 245 AD2d 1050 [1997]; *People v Manson,* 176 AD2d 294, 295 [1991]). Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.