■ The People of the State of New York, Respondent, v Henry Scott, Appellant. (Appeal No. 1.) [877 NYS2d 536]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered April 3, 2007. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, rape in the first degree, sexual abuse in the second degree, sexual abuse in the third degree, criminal sale of marihuana in the fifth degree, unlawfully dealing with a child in the first degree (two counts), and endangering the welfare of a child (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of rape in the first degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96) and rape in the first degree (§ 130.35 [4]). Defendant failed to preserve for our review his contention that the conviction of predatory sexual assault against a child and rape in the first degree is not supported by legally sufficient evidence inasmuch as he moved for a trial order of dismissal on a ground different from that raised on appeal (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, defendant's present contention, that the evidence with respect to those crimes is legally insufficient because the age of the victim was established solely by her own testimony, lacks merit. The age of the victim was established by her unambiguous testimony, and it is well settled that "[a] person is competent to testify as to his [or her] own age" (*People v Bessette*, 169 AD2d 876, 877 [1991], *lv denied* 77 NY2d 992 [1991]; *see People v Bolden*, 194 AD2d 834, 835 [1993], *lv denied* 82 NY2d 714 [1993]). Defendant further contends in his main and pro se supplemental briefs that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the victim with respect to her age (*see generally id.*).

We agree with defendant, however, that the part of the judgment convicting him of rape in the first degree under Penal Law § 130.35 (4) must be reversed and count two of the indict-

ment dismissed because it is an inclusory concurrent count of predatory sexual assault against a child. We therefore modify the judgment accordingly.

Pursuant to CPL 300.30 (4), concurrent counts are inclusory when the offense charged in one is greater than that charged in the other and when the latter is a lesser offense included within the greater (see People v Miller, 6 NY3d 295, 300 [2006]). To establish that an offense is a lesser included offense, "it must be shown that . . . in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. That established, the defendant must then show that there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater" (People v Glover, 57 NY2d 61, 63 [1982]). The first requirement concerns only "the subdivision which the particular act or omission referred to in the indictment brings into play" (People v Green, 56 NY2d 427, 431 [1982], rearg denied 57 NY2d 775 [1982]). Here, the predatory sexual assault count charged rape in the first degree as one of its elements and, as charged in the indictment, the elements of the predatory sexual assault with respect to rape in the first degree are precisely those required for rape in the first degree under Penal Law § 130.35 (4). Thus, it was impossible for defendant to commit predatory sexual assault against a child without, by the same conduct, committing rape in the first degree, thereby rendering rape in the first degree an inclusory concurrent count of predatory sexual assault against a child.

We have examined the remaining contentions of defendant in his pro se supplemental brief and conclude that none requires reversal. Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.