■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CREWE, Appellant. [903 NYS2d 407]—Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered July 25, 2008, convicting him of robbery in the first degree (six counts), burglary in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defend-

ant's omnibus motion which was to suppress his statements to law enforcement officials. On appeal, the defendant challenges that ruling, relying solely upon certain trial testimony. However, the defendant may not rely upon trial testimony to challenge a suppression ruling where, as here, he failed to request a reopening of the suppression hearing (*see People v Nunez*, 55 AD3d 756, 757 [2008]; *People v Boynton*, 35 AD3d 875, 876 [2006]).

The defendant's general motion for a trial order of dismissal was not sufficient to preserve for appellate review his claim that the evidence was legally insufficient to support his convictions under a theory of accomplice liability (*see People v Jenkins*, 55 AD3d 850 [2008]; *People v Chicchetti*, 29 AD3d 918 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant shared the principals' culpable mental state and intentionally aided the principals (*see People v Chicchetti*, 29 AD3d at 918; *People v Brun*, 58 AD3d 862, 864 [2009]; *People v Mejia*, 297 AD2d 755 [2002]; *People v Turner*, 141 AD2d 878, 879 [1988]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Considering the totality of the evidence, the law, and the circumstances of the case, the defendant's trial counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Baldi*, 54 NY2d 137, 147-148 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Covello, Eng and Belen, JJ., concur.