■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SARA N. RODRIGUES, Appellant. [902 NYS2d 750]—

Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered November 24, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (four counts), robbery in the second degree (six counts), burglary in the first degree (three counts), burglary in the second degree, assault in the second degree (two counts), conspiracy in the fourth degree, grand larceny in the fourth degree (three counts), criminal possession of stolen property in the fourth degree (three counts), petit larceny (four counts), criminal possession of stolen property in the fifth degree (four counts), unlawful imprisonment in the second degree (two counts) and making a false sworn statement in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of burglary in the first degree under count 12 of the indictment, assault in the second degree under counts 15 and 16 of the indictment and petit larceny under counts 20, 24, 28 and 30 of the indictment and dismissing counts 12, 15, 16, 20, 24, 28 and 30 of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of, inter alia, four counts of robbery in the first degree (Penal Law § 160.15 [3]); six counts of robbery in the second degree (§ 160.10 [1], [2] [a]); three counts of burglary in the first degree (§ 140.30 [2], [3]); one count of burglary in the second degree (§ 140.25 [1] [d]); two counts of assault in the second degree (§ 120.05 [6]); and four counts of petit larceny (§ 155.25). We reject the contention of defendant that the evi-

dence is legally insufficient to establish her accessorial liability (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, we conclude that the testimony of her accomplices was sufficiently corroborated (*see generally People v Besser*, 96 NY2d 136, 143-144 [2001]; *People v Delgado*, 50 AD3d 915, 917 [2008]).

We agree with defendant, however, that counts 15 and 16 of the indictment, for assault in the second degree, and counts 20, 24, 28 and 30, for petit larceny, must be dismissed as lesser inclusory concurrent counts. We therefore modify the judgment accordingly. Although defendant concedes that she failed to preserve that contention for our review, preservation is not required, and those counts "must be dismissed as a matter of law because 'a verdict of guilty upon the greater [count] is deemed a dismissal of every lesser [inclusory concurrent count]' " (*People v Moore*, 41 AD3d 1149, 1152 [2007], *lv denied* 9 NY3d 879 [2007], *denied reconsideration* 9 NY3d 992 [2007], quoting *People v Lee*, 39 NY2d 338, 390 [1976]). "[C]oncurrent counts are inclusory when the offense charged in one is greater than that charged in the other and when the latter is a lesser offense included within the greater" (*People v Scott*, 61 AD3d 1348, 1350 [2009], *lv denied* 12 NY3d 920 [2009], *denied reconsideration* 13 NY3d 799 [2009]; *see* CPL 300.30 [4]). Here, assault in the second degree and petit larceny are lesser inclusory concurrent counts of robbery in the second degree (*see People v McTyere*, 90 AD2d 987 [1982]; *People v Thorpe*, 72 AD2d 590 [1979]; *see generally Scott*, 61 AD3d at 1350).

As the People correctly concede, we further conclude that defendant should have been convicted of only one of the two counts of burglary in the first degree under Penal Law § 140.30 (2). "Regardless of how many persons are injured by the defendant inside the dwelling, the defendant can . . . be convicted of [only] one count of burglary [in the first degree under section 140.30 (2) where] there has been only one entry" (*People v Perrin*, 56 AD2d 957, 958 [1977]; *see also People v Daniels*, 165 AD2d 610, 614-615 [1991], *lv denied* 78 NY2d 1010 [1991]). Consequently, count 12 of the indictment, for burglary in the first degree under Penal Law § 140.30 (2), must be dismissed, and we therefore further modify the judgment accordingly.

Viewing the evidence in light of the elements of the crimes under the remaining counts as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those counts is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The record belies the contention of defendant that she was penalized

for exercising her right to trial (*see People v Pena*, 50 NY2d 400, 411-412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]). The sentence with respect to the remaining counts is not unduly harsh or severe. We have considered the remaining contention of defendant with respect to her defense of duress and conclude that it is without merit. Present—Smith, J.P., Fahey, Carni, Green and Gorski, JJ.