■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CORTEZ, Appellant. [916 NYS2d 176]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Grella, J.), rendered January 13, 2009, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kase, J.), pursuant to a stipulation in lieu of motions, of the suppression of the defendant's statement to law enforcement officials.

Ordered that the judgment is affirmed.

In challenging the hearing court's determination denying suppression of the statement he made to the police detectives who arrested him to the effect that he was present at the scene of the robbery in question, but did not enter the house, the defendant relies on trial testimony. However, the "defendant may not rely upon trial testimony to challenge a suppression issue where, as here, he failed to request a reopening of the suppression hearing" (*People v Maxis*, 50 AD3d 922, 923 [2008]; *see People v Abrew*, 95 NY2d 806, 808 [2000]; *People v Crewe*, 73 AD3d 943 [2010]; *People v Hudson*, 71 AD3d 1046 [2010]; *People v Fleming*, 65 AD3d 702 [2009]; *People v Nunez*, 55 AD3d 756 [2008]; *People v Rice*, 39 AD3d 567 [2007]).

Contrary to the defendant's contention, the People adduced sufficient evidence to corroborate the testimony of one of the defendant's accomplices, which tended to connect the defendant to the robbery (*see* CPL 60.22; *People v Reome*, 15 NY3d 188, 191-192 [2010]; *People v Besser*, 96 NY2d 136, 143-144 [2001];

*People v Montefusco*, 44 AD3d 879, 880 [2007]). Among other things, the People adduced evidence that the defendant's car was used by the perpetrators, the proceeds of the crime were found in the defendant's car, and telephone records showed the defendant in telephone contact with one of the perpetrators shortly before and after the robbery occurred. Such evidence was sufficient "to provide some basis for the jury to conclude the accomplice testimony [was] credible" (*People v Besser*, 96 NY2d at 143; *see People v Reome*, 15 NY3d at 192).

The defendant's challenge to the County Court's jury charge regarding whether the statement he made to the police following his arrest was voluntarily made is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v George*, 33 AD3d 435, 436 [2006]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]).

The defendant was afforded the effective assistance of trial counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions raised in his pro se supplemental brief are unpreserved for appellate review, and the remaining contention raised in the defendant's main brief is without merit. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.