# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1109**
**KA 08-01268**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SALEEM K. ALI, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 8, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree, assault in the second degree, attempted robbery in the first degree, burglary in the second degree, and criminal possession of a weapon in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of burglary in the second degree and dismissing count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the first degree (Penal Law § 140.30 [2]), assault in the second degree (§ 120.05 [6]), attempted robbery in the first degree (§§ 110.00, 160.15 [1]), and burglary in the second degree (§ 140.25 [2]). Contrary to defendant's contention, County Court properly refused to charge burglary in the second degree (§ 140.25 [2]) as a lesser included offense of burglary in the first degree (§ 140.30 [2]). "No reasonable view of the evidence supports a finding that defendant committed the lesser offense[] but not the greater" (*People v Lockett*, 1 AD3d 932, 933, *lv denied* 1 NY3d 630; *see generally People v Glover*, 57 NY2d 61, 63). As the People correctly concede, however, defendant's conviction under count four of the indictment, charging him with burglary in the second degree, must be reversed and that count dismissed because it is a lesser inclusory concurrent count of count one, charging defendant with burglary in the first degree, of which he was convicted (*see People v Coleman*, 82 AD3d 1593, 1595, *lv denied* 17 NY3d 793). We therefore modify the judgment accordingly.

We further conclude that there is no merit to defendant's

contention that his conviction of assault in the second degree (Penal Law § 120.05 [6]) should be reversed and that count dismissed pursuant to CPL 300.40 (3) (b) as a lesser inclusory concurrent count of burglary in the first degree (Penal Law § 140.30 [2]), of which he was convicted.  The instant charge of assault requires evidence of the infliction of physical injury "in furtherance of" the commission of the underlying felony of burglary, and such evidence is not required for the burglary conviction.  Thus, the assault was not a lesser included offense of the burglary (*see People v Curella*, 296 AD2d 578, 579).  We note that our conclusion is consistent with the decision of the Court of Appeals in *People v Abrew* (95 NY2d 806).  There, the defendant was convicted of assault in the first degree under Penal Law § 120.10 (4), which requires that the defendant or another participant cause serious physical injury to a person other than one of the participants "[i]n the course of and *in furtherance of* the commission or attempted commission of a felony or of immediate flight therefrom" (emphasis added).  The defendant also was convicted of robbery in the first degree, which requires proof that a defendant or another participant in the crime cause serious physical injury to a nonparticipant "[i]n the course of the commission of the crime or of immediate flight therefrom," but does not require that the infliction of serious physical injury have been *in furtherance of* the commission of the robbery (§ 160.15 [1]; *see Abrew*, 95 NY2d at 808-809).  The Court in *Abrew* thus determined that section 120.10 (4) was not an inclusory concurrent count of robbery in the first degree under Penal Law § 160.15 (1) (*id.*).  To the extent that the prior decision of this Court in *People v Rodrigues* (74 AD3d 1818, *lv denied* 15 NY3d 809, *cert denied* ___ US ___, 131 S Ct 1505) suggests a rule to the contrary, we note that the decision in that case was based on an incorrect concession by the People and did not address the distinction drawn in *Abrew.*  We thus conclude that *Rodrigues* and earlier cases decided without reference to *Abrew* should no longer be followed.  Contrary to defendant's further contention, in the context of this case, assault in the second degree (§ 120.05 [6]) is not an inclusory concurrent count of attempted robbery in the first degree (§§ 110.00, 160.15 [1]).

Defendant failed to preserve for our review his contention that his conviction of attempted robbery in the first degree is not supported by legally sufficient evidence inasmuch as the People failed to establish the element of serious physical injury (*see People v Gray*, 86 NY2d 10, 19), and in any event that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  Based on the evidence at trial, there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury, i.e., that defendant caused one of the victims of the attempted robbery to sustain a serious physical injury (*see People v Brown*, 67 AD3d 1427, 1428, *lv denied* 14 NY3d 839; *see generally Bleakley*, 69 NY2d at 495).  Moreover, inasmuch as we have concluded that the evidence is legally sufficient to support the conviction of attempted robbery, there is no merit to defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to make a specific motion for a

trial order of dismissal with respect to that count (*see People v Washington*, 60 AD3d 1454, 1455, *lv denied* 12 NY3d 922).

Defendant failed to object to the alleged repugnancy of the verdict before the jury was discharged and thus failed to preserve for our review his further contention that the verdict is repugnant insofar as the jury found him guilty of attempted robbery in the first degree and acquitted him of assault in the first degree under Penal Law § 120.10 (4) (*see People v Alfaro*, 66 NY2d 985, 987; *People v Roman*, 85 AD3d 1630, 1630-1631, *lv denied* 17 NY3d 821).  In any event, that contention lacks merit (*see generally People v Tucker*, 55 NY2d 1, 6-7, *rearg denied* 55 NY2d 1039), and we thus also "reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to object to the verdict on the ground that it was repugnant" (*People v Henderson*, 78 AD3d 1506, 1507, *lv denied* 16 NY3d 743; *see Roman*, 85 AD3d at 1631).  Finally, the sentence is not unduly harsh or severe.

Entered:  November 10, 2011                          Patricia L. Morgan
                                                      Clerk of the Court