The defendant contends that certain statements he made to law enforcement officials should have been suppressed. However, the specific arguments asserted by the defendant on appeal to support this contention are unpreserved for appellate review (see CPL 470.05 [2]; People v Vasquez, 66 NY2d 968, 970 [1985], cert denied 475 US 1109 [1986]; People v Maxis, 50 AD3d 922, *899 923 [2008]; People v Rogers, 34 AD3d 504, 505 [2006]). Moreover, the defendant may not rely upon trial testimony to challenge a suppression ruling where, as here, he failed to request a reopening of the suppression hearing (see People v Abrew, 95 NY2d 806, 808 [2000]; People v Cortez, 81 AD3d 742, 742 [2011]; People v Maxis, 50 AD3d at 923; People v McFarlane, 18 AD3d 577, 578 [2005]). In any event, the defendant’s contention is without merit (see People v Petronio, 34 AD3d 602, 604 [2006]; People v Miller, 268 AD2d 600, 600-601 [2000]). Accordingly, the Supreme Court properly declined to suppress the statements in question.
“A person is justified in using deadly force against another if he or she reasonably believes such to be necessary to defend himself or herself or a third person from what he or she reasonably believes to be the use or imminent use of deadly physical force by such other person. A court need not charge the defense of justification if, considering the record in the light most favorable to the defendant, no reasonable view of the evidence supports it” (People v Ojar, 38 AD3d 684, 684-685 [2007] [citations and internal quotation marks omitted]). Contrary to the defendant’s contention, the Supreme Court properly denied his request to charge the jury regarding the justification defense, as no reasonable view of the evidence supported such a charge (see People v Long, 259 AD2d 634 [1999]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80, 86 [1982]). Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.