# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**898**

**KA 11-02478**

PRESENT: SMITH, J.P., CARNI, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

TANIECE E. BARNES, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL),
FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA, FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G.
Reed, A.J.), rendered November 2, 2011. The judgment convicted
defendant, upon a jury verdict, of burglary in the second degree,
petit larceny and criminal possession of stolen property in the fifth
degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her
upon a jury verdict of burglary in the second degree (Penal Law §
140.25 [1] [b]), petit larceny (§ 155.25) and criminal possession of
stolen property in the fifth degree (§ 165.40). Viewing the evidence
in light of the elements of the crimes as charged to the jury (*see
People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention
that the verdict is against the weight of the evidence (*see generally
People v Bleakley*, 69 NY2d 490, 495). We reject defendant's further
contention that County Court erred in refusing to instruct the jury on
the lesser included charge of burglary in the third degree. No
reasonable view of the evidence supports a finding that defendant
committed the lesser offense but not the greater (*see People v Ali*, 89
AD3d 1417, 1418, *lv denied* 18 NY3d 922). We likewise reject
defendant's contention that the court erred in providing supplemental
instructions to the jury on the issue whether defendant "defie[d] a
lawful order not to enter or remain [on the premises], personally
communicated to [her] by the owner of such premises or other
authorized person" (§ 140.00 [5]). Pursuant to CPL 310.30, the trial
court has an obligation to provide meaningful responses to all
questions from the jury during deliberations (*see generally People v
Almodovar*, 62 NY2d 126, 131-132), and the court fulfilled that duty
here. We note that defendant does not contend that the supplemental
instructions contained an erroneous statement of the law. Finally,

the sentence is not unduly harsh or severe.