Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered November 2, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, petit larceny and criminal possession of stolen property in the fifth degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [1] [b]), petit larceny (§ 155.25) and criminal pos *1454 session of stolen property in the fifth degree (§ 165.40). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We reject defendant’s further contention that County Court erred in refusing to instruct the jury on the lesser included charge of burglary in the third degree. No reasonable view of the evidence supports a finding that defendant committed the lesser offense but not the greater (see People v Ali, 89 AD3d 1417, 1418 [2011], lv denied 18 NY3d 922 [2012]). We likewise reject defendant’s contention that the court erred in providing supplemental instructions to the jury on the issue whether defendant “defie[d] a lawful order not to enter or remain [on the premises], personally communicated to [her] by the owner of such premises or other authorized person” (§ 140.00 [5]). Pursuant to CPL 310.30, the trial court has an obligation to provide meaningful responses to all questions from the jury during deliberations (see generally People v Almodovar, 62 NY2d 126, 131-132 [1984]), and the court fulfilled that duty here. We note that defendant does not contend that the supplemental instructions contained an erroneous statement of the law. Finally, the sentence is not unduly harsh or severe. Present — Smith, J.P., Garni, Sconiers and Valentino, JJ.