■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HILL, Appellant. [65 NYS3d 193]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered July 15, 2014, convicting defendant, after a jury trial, of robbery in the first degree (five counts),

criminal possession of a weapon in the second degree (two counts) and attempted robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion in all respects. Initially, we find no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]), and we note that our review is limited to the evidence adduced at the hearing (*see People v Abrew*, 95 NY2d 806, 808 [2000]).

A defendant's resemblance to a photograph of a crime suspect may furnish reasonable suspicion justifying a stop (*see People v Reed*, 106 AD3d 673, 675-676 [1st Dept 2013], *lv denied* 21 NY3d 1045 [2013]; *People v Joseph*, 10 AD3d 580, 580-581 [1st Dept 2004], *lv denied* 3 NY3d 740 [2004]), even where the photograph is not of optimal quality (*see People v Medina*, 66 AD3d 555, 555-556 [1st Dept 2009], *lv denied* 13 NY3d 908 [2009]). Here, the detectives had, at the very least, reasonable suspicion based on the surveillance videotape and a photograph from one of the suspected robberies. Although this videotape did not depict the actual robbery, it provided strong circumstantial evidence that the person depicted was the person who committed the crime. Furthermore, defendant generally matched the descriptions provided by victims of the pattern robberies, and he was stopped in the vicinity of the crime scene within a few days of the most recent crime, at an early morning hour that was consistent with the time at which the robberies were committed, thus reinforcing the detectives' suspicion (*see Medina*, 66 AD3d at 555-556).

At the hearing, by explicitly acknowledging that he was not moving to suppress a jacket recovered by the police and the stolen jewelry it contained, defendant affirmatively waived the issue (*see People v Bertolo*, 65 NY2d 111, 121 [1985]). In any event, defendant expressly conceded that he had no possessory interest in these items.

The record, including a lineup photograph, supports the hearing court's finding that the lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The lineup participants all were reasonably similar in appearance, and there was no substantial likelihood that the defendant would be singled out for identification.

The court properly exercised its discretion in permitting the prosecutor to argue that similarities among the crimes, or some of them, warranted an inference that the similar crimes were committed by the same person. The pattern was sufficiently

distinctive so as to be probative of defendant's identity (*see People v Beam*, 57 NY2d 241, 253 [1982]; *Medina*, 66 AD3d at 556). There were numerous similarities among the crimes as to time, location, and many particular details of the manner in which they were committed. While none of the individual characteristics was unusual, the pattern was sufficiently distinctive to support the inferences that the prosecutor asked the jury to draw.

The court also provided a suitable limiting instruction relating to the prosecutor's argument. Defendant's challenge to the phrasing of the court's instruction is unpreserved and we decline to review his claim in the interest of justice. As an alternative holding, we also reject it on the merits. Concur— Tom, J.P., Friedman, Andrias and Gesmer, JJ.