People v Giddens (2018 NY Slip Op 05487)





People v Giddens


2018 NY Slip Op 05487


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-04402
 (Ind. No. 171/14)

[*1]The People of the State of New York, respondent,
v
Ronald Giddens, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, William H. Branigan, and Josette Simmons of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered May 13, 2015, convicting him of murder in the second degree, manslaughter in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree, criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that the evidence was legally insufficient to support his convictions of murder in the second degree, manslaughter in the first degree, and burglary in the first degree, and that the verdict of guilt on those counts was against the weight of the evidence. The defendant's challenge to the legal sufficiency of the evidence supporting those convictions is unpreserved for appellate review, since he failed to move for a trial order of dismissal specifically directed at the errors he now claims (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on these counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the People's contention, the defendant's contention that the Supreme Court erred in refusing to charge the jury on the defense of justification is preserved for appellate review. However, we agree with the court's determination since, viewing the record in the light most favorable to the defendant, no reasonable view of the evidence supported such a charge (see People v Watts, 57 NY2d 299, 301-302; People v Syville, 130 AD3d 658; People v Baranov, 121 [*2]AD3d 706, 707; People v Fowler, 101 AD3d 898, 899; People v Cotsifas, 100 AD3d 1015; People v Small, 80 AD3d 786, 786-787).
The defendant's contention that he was deprived of his right to a fair trial due to improper remarks made by the prosecutor during his opening statement and summation is largely unpreserved for appellate review (see CPL 470.05[2]; People v Dien, 77 NY2d 885, 886). In any event, the defendant's contention is without merit. The prosecutor's comments were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel's summation, or otherwise did not deprive the defendant of a fair trial (see People v Ashwal, 39 NY2d 105, 109-110; People v King, 144 AD3d 1176, 1176-1177; People v Nanand, 137 AD3d 945, 947-948; People v Willis, 122 AD3d 950; People v Hoke, 111 AD3d 959, 960; People v McGowan, 111 AD3d 850, 851).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court